Syllabus.

# Richmond.

## LOUISE E. BOWLES V. CITY OF RICHMOND.

### October 1, 1925.

### Reheard May 27, 1926.

1. JOINT TORT-FEASORS—*Election of Plaintiff.*—At common law in case of joint wrongs, the plaintiff may at his election sue all or any one, or any intermediate number, of the wrongdoers, but in order to sue all there must be a joint wrong.

2. JOINT TORT-FEASORS—*Only One Final Judgment—Different Writs of Inquiry—Election by Plaintiff.*—In an action against several wrongdoers for a joint wrong, there can be only one final judgment upon the merits. There may be different writs of inquiry executed against different defendants, or the jury may find for different amounts against the defendants, but the plaintiff still retains his election to stay execution and proceed to judgment against all, then elect to accept the highest judgment, or he may dismiss the proceeding as to those defendants against whom judgment has not been taken.

3. APPEAL AND ERROR—*Final Judgments and Decrees—Joint Tort-Feasors.*—Until a plaintiff has dismissed the case as to the joint wrongdoers against whom he has no judgment, or signifies an intention to prosecute the action to judgment against them, as all are jointly liable there is no final judgment, therefore, there could be no appeal.

4. APPEAL AND ERROR—*Final Judgments and Decrees—Joint Defendants—City and Railroad—Case at Bar.*—Plaintiff brought her action for injuries received against a city and a railroad company. The city filed a special plea alleging that plaintiff had not filed with the city attorney a written statement of the particulars of the accident, which was required by the city charter. The court ordered the action to be dismissed as to the city. Nothing was done in the case against the railroad company.

   *Held:* That plaintiff might have a writ of error to this ruling. The principle that where an action is against joint wrongdoers there is no final judgment until plaintiff has dismissed the case against the other wrongdoers, did not apply in the instant case, as there was no joint interest between the defendants in the matter decided, nor did the decision relate to the merits of the case.

5. MUNICIPAL CORPORATIONS—*Action against City—Constitutionality of Provision Requiring Notice to City Attorney.*—The provision in the charter of the city of Richmond (section 19-g, Acts 1918, page 182), requiring notice in writing before suit against the city for negligence, is constitutional.

6. MUNICIPAL CORPORATIONS—*Action against City—Notice to City Attorney—Reason for the Provision.*—Provisions requiring notice of the particulars and time and place of an accident before an action for negligence may be maintained against a city afford the city authorities the opportunity to investigate the circumstances, examine the locality in which the injury is alleged to have occurred, and to discover the witnesses promptly so as to ascertain the facts while their recollections are fresh. Such statutes tend to discourage and avoid the expense of litigation, because, if the investigation discloses legal liability a prompt settlement is both proper and probable. They also tend to prevent perjury and fraud as well as to avoid injustice growing out of the failure of the witnesses to recollect clearly occurrences long past, before they are called upon to testify, and thus better to safeguard against unfounded claims.

7. MUNICIPAL CORPORATIONS—*Action against City—Notice to City Attorney—Condition Precedent—Liberal Construction.*—Under statutes requiring notice of the particulars and time and place of an accident before an action for negligence may be maintained against a city, the giving of the notice is a condition precedent to the right to bring the suit, but the statute should have a liberal construction, and a substantial compliance is sufficient.

8. MUNICIPAL CORPORATIONS—*Action against City—Notice to City Attorney—Actual Notice as Substitute for Written Notice—Case at Bar.*— In the instant case, an action against a city for negligence, the city filed a special plea averring that the plaintiff had not filed a written notice, verified by the plaintiff or her agent, as required by the city charter (section 19-g, Acts 1918, page 182). The city attorney had complete and actual notice of the accident; thoroughly investigated its cause and the city's liability, and in writing denied all responsibility for plaintiff's injuries.

   *Held:* That every purpose of the requirement of notice had been met, and the lack of an affidavit would not bar the plaintiff.

9. STATUTES—*Mandatory or Directory.*—Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business and by a failure to obey which the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory, and if the act is performed but not in the time nor in the precise mode indicated, it will be sufficient if that which is done accomplishes the substantial purpose of the statute.

## ON REHEARING.

10. Statutes—*Construction—Unambiguous Statute.*—Courts are not to construe legislative declarations that are so unambiguous as to need no construction.

11. Affidavits—*Affidavit in some Respect Defective.*—An affidavit although in some respects defective may be deemed sufficient.

12. Municipal Corporations—*Action against City—Notice of Injury— Verification.*—Where the legislature has seen fit to declare that the notice of the particulars of the time and place of negligent injury, to be given city authorities before an action for negligence may be maintained against the city, shall be verified, the verification of the notice is a condition precedent.

13. Municipal Corporations—*Action against City—Notice of Injury— Verification—Reception of Notice at Investigation as Waiver.*—Where by statute or charter notice of the time and place of injury is required as a prerequisite to an action against a city for negligent injury, and the statute requires the notice to be verified, the filing of an unverified notice with the city authorities does not comply with the statute and its receipt is no waiver of its defects nor is an investigation based thereon.

14. Municipal Corporations—*Action against City—Notice of Injury— Verification—Rejection of Claim as Waiver of Defects in the Notice— Case at Bar.*—In the instant case, under a charter requiring notice of time and place of injury as a prerequisite to a suit against a city for negligent injury, plaintiff gave a notice to the city authorities in all respects regular except that it was not. verified. The notice was not merely received but it was acted on after full investigation. Petitioner was told that the city was not liable, not because of want of verification but because of contributory negligence. In other words the plaintiff was told, no matter what may be the form of your petition you have no claim upon its merits and the city will pay you nothing.

    *Held:* That the notice had performed its function and that the failure to verify it could no longer be relied upon to prevent a recovery.

15. Municipal Corporations—*Counsel of the City of Richmond—Authority— Notice of Negligent Injury—Case at Bar.*—The charter of the city of Richmond required verified notice in writing to the city attorney as a prerequisite to a suit against a city. In the instant case plaintiff's unverified notice of injury was served on the city attorney who after investigating informed plaintiff that the city relied upon the defense of contributory negligence which was in substance a statement that the notice furnished was ample and gave the necessary · data for proper investigation.

    *Held:* That in the usual course of business the corporation counsel of the city of Richmond had the power to say that the notice was

sufficient and to act thereon and that his investigation and rejection of the claim on the ground of contributory negligence was a waiver of the want of verification.

Error to a judgment of the Circuit Court of the city of Richmond, in a proceeding by motion for a judgment for damages.   Judgment for the defendant.   Plaintiff assigns error.

*Reversed and remanded.*

The opinion states the case.

*Haw & Haw* and *O. L. Cole*, for the plaintiff in error.

*James E. Cannon, Lucius F. Cary* and *Richmond T. Lacy, Jr.*, for the defendant in error.

CHRISTIAN, J., delivered the opinion of the court.

The plaintiff, Louise E. Bowles, proceeded by motion for damages in the circuit court for the city of Richmond against the city of Richmond and the Richmond, Fredericksburg and Potomac Railroad Company for injuries received by her by reason of the negligent failure of the defendants to properly safeguard the approach on Broad street to the old bridge over the belt line of the railroad company, where the approach had been cut down and abandoned temporarily for a detour to a new bridge at grade with the street.   The city of Richmond filed a special plea which averred that the plaintiff had not within six months after the cause of action accrued filed with the city attorney a written statement of the particulars of the accident, verified by the oath of the plaintiff or her agent or attorney, as required by the city charter.

The plaintiff objected to the filing of the city's plea and moved to strike it out, because the provision in the city charter was unconstitutional, which objection and motion the court overruled and the plaintiff excepted.

The defendant railroad company did not plead to the plaintiff's motion, whereupon the plaintiff filed her replication to the defendant city's plea.

The city demurred to her replication in which she joined, and upon argument the court sustained its demurrer and ordered that the action of the plaintiff be dismissed as to the defendant, the city of Richmond. Nothing was done in the case against the railroad company. The plaintiff sued out a writ of error to this ruling of the court, and the case is here for review on these two points.

Counsel for the city in its reply brief makes the point that the writ of error should be dismissed as improvidently awarded for the reason that no action of any kind has been taken in reference to its codefendant, the railroad company, therefore the judgment upon the demurrer was not final, and the writ of error should be dismissed. He cites as authority for this position *Wells* v. *Jackson*, 3 Munf. (17 Va.) 458.

Section 19-g of the charter of the city of Richmond, Acts of Assembly 1918, p. 182, makes it compulsory in every action to recover damages for any negligence in the construction or maintenance of any of its streets, alleys or parks, where any person is liable with the city, that every such person shall be joined in such action against the city, and where there is a verdict or judgment against the city as well as the other defendant, it shall be ascertained either by the court or jury which of the defendants is primarily liable for the damages assessed. This charter provision makes a change in common law rules of procedure as far as suits for negligent injuries against the city are concerned.

[1-4] At common law, in case of joint wrongs, the plaintiff may at his election sue all or any one, or any intermediate number of the wrongdoers, but in order to sue all there must be a joint wrong. In an action against several doers for a joint wrong, there can be only one final judgment upon the merits. There may be different writs of inquiry executed against different defendants, or the jury may find for different amounts against the defendants, but the plaintiff still retains his election to stay execution and proceed to judgment against all, then elect to accept the highest judgment, or he may dismiss the proceeding as to those defendants against whom judgment has not been taken. Until he has dismissed the case as to the joint wrongdoers against whom he has no judgment, or signifies an intention to prosecute the action to judgment against them, as all are jointly liable, there is no final judgment, therefore, there could be no appeal. *Wells* v. *Jackson, supra, Ammonett* v. *Harris & Turpin,* 1 Hen. & M. (11 Va.) 488. The principle of law above mentioned does not apply to the instant case, as there is no joint interest between the defendants in the matters decided by the circuit court, not does it relate to the merits of the case, therefore the judgment is final as to the city and the writ of error properly here.

The provision of the city charter, section 19-g, Acts 1918, p. 182, which was the basis of the city's plea, is as follows:

"No action shall be maintained against the said city for damages for an injury to any person or property alleged to have been sustained by reason of the negligence of the city, or of any officer, agent or employee thereof, unless a written statement, verified by the oath of the claimant, his agent or attorney, of the nature of the claim and of the time and place at which the injury

is alleged to have occurred or been received shall have been filed with the city attorney of said city within six months after such cause shall have accrued."

The plaintiff contends this provision of the charter is unconstitutional because it gives special privileges to the city that are not given to its codefendant.

[5] Consideration of the nature and functions of municipal corporations; that they are created by law; that all their powers are derived from the statute creating them; that their purposes are local self government and general welfare of particular communities; that the care and maintenance of their streets are delegated powers from the State, performed for the benefit of all people; that all of their liabilities are imposed by the statute, and that it is within the power of the General Assembly to give them immunity from suits for negligence, will demonstrate that no constitutional question is involved in this case. Constitutions are to protect citizens in their reserved rights, and not to grant immunity from wrong. *O'Neil* v. *City of Richmond,* 141 Va. 168, 126 S. E. 56. The General Assembly in the exercise of its plenary power, having required notice in writing before suit against the city for negligence is brought, the court was right in overruling the plaintiff's motion to strike out the city's plea.

[6] The issue presented and decided upon the city's demurrer to the plaintiff's replication does not involve the principle of the statute of limitations, that is, the principle of repose; but whether the charter provision in reference to verification of the notice of the injury to the city attorney is mandatory. Similar provisions to the one under consideration in this case are found in the statute law of other States of the United States, and have been before the courts for con-

struction.   These statues have been suggested by experience and the reason for them has been frequently indicated in the opinions of the courts.   "They afford the city authorities the opportunity to investigate the circumstances, examine the locality in which the injury is alleged to have occurred, and to discover the witnesses promptly so as to ascertain the facts while their recollections are fresh.   Such statutes tend to discourage and avoid the expense of litigation, because, if the investigation discloses legal liability a prompt settlement is both proper and probable.   They also tend to prevent perjury and fraud as well as to avoid injustice growing out of the failure of the witnesses to recollect clearly occurrences long past, before they are called upon to testify, and thus better to safeguard against unfounded claims."   *O'Neil* v. *City of Richmond*, 141 Va. 168, 126 S. E. 56, 57.

[7, 8] While the courts are unanimous that giving the notice is a condition precedent to the right to bring the suit, still recognizing that the reason of the law is the life of the law, they hold that the statute should have a liberal construction, and a substantial compliance with it is sufficient.   The city by its demurrer admits that the city attorney had complete and actual notice of the accident; that he thoroughly investigated its causes and the city's liability, and in writing denied all responsibility for her injuries.   Thus every purpose of the requirement of notice of the charter was met, and the city's law office put in possession of every fact and circumstance essential to a just determination of the plaintiff's claim.

[9] The contention of the city, however, is that the failure to verify the notice makes the notice void and equivalent to no notice.   Affidavits to notices and proceedings are frequently required by the statute law,

and practice of the courts, so that whether the requirements of affidavits in such cases are directory or mandatory has been settled by adjudication. The rule of reason and principle applicable in the construction of such provisions of law is very clearly enunciated by Judge Cooley in Cooley's Const. Lim., and quoted with approval by the Supreme Court of Appeals in the case of *Jackson* v. *Dotson*, 110 Va. 46, 65 S. E. 484 (which was a case involving the sufficiency of an affidavit to a plea required by statute), as follows: "Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business and by a failure to obey which the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory, and if the act is performed but not in the time nor in the precise mode indicated, it will be sufficient if that which is done accomplishes the substantial purpose of the statute."

The notice with affidavit as provided in the city's charter was for the information of the city attorney, and he was not required to act until proper notice was served upon him, but if he acted upon a notice without affidavit, and every substantial purpose thereof has been accomplished, and he denied in writing all liability of the city, it is in the highest degree technical to hold the affidavit to the notice a condition precedent (when he did not so regard it) to the right of the plaintiff to bring her suit, and does not present the case to the court for trial according to the very right.

The demurrer of the defendant city should have been overruled, and this court will set aside the judgment of the circuit court of the city of Richmond and remand the case for further proceedings.

## ON REHEARING.

WEST, J., delivered the opinion of the court.

[10] Statutes and ordinances of the character of this, in judgment, are harsh in their application and are to be liberally construed. This rule is so generally adopted that it may fairly be said to be universal. But in its application of necessity it assumes that there is something to be construed. Courts are not to construe legislative declarations that are so unambiguous as to need no construction. To do so would be to darken counsel.

"On the question of whether or not a notice in fact is sufficiently definite as to time, place, nature, etc., of the injury, the rule of liberal construction is generally adopted by the courts." *Chicago* v. *Gilbert*, 59 Ind. App. 613, 108 N. E. 29.

[11] It might be that an accident described as having occurred in the Capitol Square could be shown to have occurred at the west entrance. An affidavit in some respects defective may be deemed sufficient. *Melovich* v. *Tacoma*, 135 Wash. 533, 238 Pacific 562. In this class of cases there is that room for construction which courts avail themselves of when injustice is threatened. But construction can never supply the total absence of a necessary allegation. Had the notice wholly failed to state where the accident occurred that omission could not be so remedied. And so rules of construction relative to the several requirements of the statute are in the instant case of little moment, although they are to be considered in determining how the statute as a whole should be dealt with, since it is no procrustean bed on which to stretch unwary litigants. It is now held that incapacity to give the notice

excuses entirely compliance therewith. *Randolph* v. *City of Springfield* (Mo. Sept. 1925), 275 S. W. 567; *Terrell* v. *Washington*, 158 N. C. 281, 73 S. E. 888.

[12] The legislature has seen fit to declare that the notice shall be verified. We have nothing to with the wisdom of this declaration. The power to do so existed and has been exercised in terms so plain as to make construction impossible. Such a requirement as a condition precedent is generally upheld. In *Weisman* v. *City of New York*, 219 N. Y. 184, 114 N. E. 1086, cited with approval in *O'Neil* v. *City of Richmond*, 141 Va. 168, 126 S. E. 56, it was said:

"In *Cotriss* v. *Village of Medina* [139 App. Div. 872, 124 N. Y. S. 507], *supra*, the plaintiff failed to comply with the requirement of a statute that verified claims for damages for personal injuries resulting from defective streets should be served. It was claimed that plaintiff's failure to verify her notice did not result in any injury to the defendant, and, therefore, should be overlooked, but it was said in respect to this claim: 'It may be that the omission to present the proper writing or statement to the board did not result in any damage to the defendant. That is not the test. The requirement is absolute, and the question of whether injury resulted from the failure to comply with the explicit mandate of the statute is not open to proof or inquiry. If so, these and similar provisions intended to safeguard municipalities against imposition of unjust claims would be nullified.' "

In White on Negligence of Municipal Corporations, section 687, it is said:

"Verification of notice.—Many of the statutes require the notice to be verified by the oath of the claimant and a notice not so verified is considered in these jurisdictions the same as no notice."

[13] Nor is the reception of such a notice any waiver of defects.  In *Forsyth* v. *City of Oswego*, 191 N. Y. 441, 84 N. E. 392, 123 Am. St. Rep. 605, it was held to be error for the court to refuse to charge the jury "that the reception of the notice by the city officials, its subsequent reference to the claims committee, and the alleged hearing thereon, did not waive the irregularities contained in the said notice."  *Weisman* v. *City of New York, supra; Winter* v. *City of Niagara Falls*, 190 N. Y. 198, 123 Am. St. Rep. 540, 13 Ann. Cas. 486, 82 N. E. 1101.  These cases hold, and properly, not only that the reception of the notice constitutes no waiver, but that an examination into the facts and even a hearing does not.  They do, however, assume that action thereon would, the test being not did the city look into the merits of the case but did it act.

The same distinction was observed in *Blumrich* v. *Village of Highland Park*, 131 Mich. 209, 91 N. W. 129. In the very recent case of *Nevala* v. *City of Ironwood*, 232 Mich. 316, 205 N. W. 93, a petition appears to have been referred to a committee which reported:

"We, your committee to whom was referred the claim of Mrs. Nevala for injuries sustained by her on Pine street, beg leave to report that we have given the same our consideration, and feel ourselves constrained to report the disallowance of the claim."

There the court said:

"We hold that the notice, acted upon by the council by reference to a committee, with report by the committee and rejection of the claim, bars the city from now asserting want of notice.  The council disallowed plaintiff's claim.  Had disallowance been made without any formal notice, such action would have waived notice, and the same result follows the action disallowing the claim, even though the notice upon which

final official action was planted was technically defective. The defendant is in no position to assert want of legal notice, for it assumed the right to and did disallow plaintiff's claim upon the notice given. See *Lindley* v. *City of Detroit*, 131 Mich. 8, 90 N. W. 665, and cases there cited; *Brown* v. *City of Owosso*, 126 Mich. 91, 85 N. W. 256; *Foster* v. *Village of Bellaire*, 127 Mich. 13, 86 N. W. 383. * * * * * * *

"The following cases, cited by counsel for defendant, do not apply: In *Blumrich* v. *Village of Highland Park*, 131 Mich. 209, 91 N. W. 129, the claim was presented orally to the council by the son of the plaintiff, and no official action taken by the council. Waiver in the case at bar rests upon action taken and not upon failure to act."

*Hunter* v. *Village of Durant*, 137 Mich. 53, 100 N. W. 191, is a case in which the notice was not verified:

"When the notice was received, none of defendant's officials objected to the lack of verification, and its common council appointed an investigation committee, empowered 'to incur such expenses in such investigation of the injuries sustained by said Hunter as they may think proper;' and on the following day, November 29th, expert physicians employed by said committee subjected plaintiff to a very painful physical examination. We are bound to say that this constituted a waiver of the want of verification."

In New York these things would probably have been held insufficient to show action on the motion. The apparent conflict of authority here is rather on what constitutes action than on its effect, the underlying principle being that it is too late to question the form of the notice after the notice itself has been passed upon.

*Bowman* v. *Ogden City*, 33 Utah 196, 93 Pac. 561,

is also a case in which there was an unverified notice, and the same conclusion was reached.

It is entirely true that this distinction is not always recognized. Dillon on Mun. Corp. (5th ed.) section 1613; *Pender* v. *City of Salisbury*, 160 N. C. 363, 76 S. E. 228.

[14] There is nothing sacrosanct about these notices, faith and fair intent must prevail. Here a notice was given in all respects regular except that it was not verified. That notice was not merely received but it was acted on after full investigation. Petitioner was told that the city was not liable, not because of want of verification, but because of contributory negligence. In other words the plaintiff was told, no matter what may be the form of your petition you have no claim upon its merits and the city will pay you nothing. It would violate every principle of fair dealings for the city to say you may have had a case, but with a red herring we have distracted your attention from a fatal technical omission in your notice. We have lulled you to sleep and now your day of grace has passed.

In *Houseman* v. *Ins. Co.*, 78 W. Va. 203, 88 S. E. 1048, L. R. A. 1917A, 299, it was held that denial of liability on an insurance policy, based solely on an alleged want of unconditional ownership of the property destroyed, operates as a waiver of a provision thereof, requiring proofs of the quantum of loss as a prerequisite to an action on the policy.

In *Virginia Fire and Marine Ins. Co.* v. *Goode*, 95 Va. 762, 30 S. E. 370, the court said:

"It is well established that a denial of all liability under the policy, without giving reasons, absolves the insured from any obligation to furnish preliminary

proof of loss, or to correct defects in it if it has been furnished." See also *Robinson* v. *Shepherd*, 137 Va. 687, 120 S. E. 265 (section 7 of syllabus).

A tender declined in advance is never necessary; equally futile would be the verification of a notice already rejected on the facts.

The power to waive notice or its formalities as an act of grace is not to be confused with waiver by way of estoppel after action has actually been taken.

[15] It is earnestly insisted that the attorney for the city in no event was vested with any such power. Under its charter he is at the head of the department of law. Among his duties is that of trying cases and in preparing them for trial. This notice has to be served on him and is for his benefit. It serves to aid him in making the necessary preparation and indeed in ascertaining whether a trial at all is wise. He has no power to bind the city to pay any particular claim, but he has power by acting finally upon a notice containing the required information to say whether a notice intended for him alone is sufficient. His statement to the plaintiff that the city relied upon the defense of contributory negligence was in substance a statement that the notice furnished was ample and gave the necessary data for proper investigation; that such investigation had been made, and that the claim was refused for the particular reason stated and for no other. The corporation counsel for the city of Richmond is no municipal mail box to receive notices and hold them for others. He is the chief of his department and is clothed with all powers incident to the discharge of the duties that devolve upon him. Somebody had the right to say if this notice was sufficient and to act thereon. In the usual course of business this power was his and his only.

By way of recapitulation we hold:

1. That verification of the notice is a condition precedent.

2. The filing of an unverified notice does not comply with the statute and its receipt is no waiver of its defects, nor is an investigation based thereon.

3. But when it has been received and when full investigation is had thereon by the city attorney and when the claim has been rejected for some reason not connected with the form of notice or its contents, the notice has performed its function and defects therein can no longer be relied upon to prevent a recovery.

This case has been ably and elaborately presented, but it has not been possible within any reasonable limits to discuss the formidable lists of authorities presented, many of which, as Mr. White, in his recent work on Negligence of Municipal Corporations, at section 666, observes, do small credit to the administration of justice. We are of opinion to adhere to the conclusions heretofore reached in our opinion handed down on October 1, 1925, and it is so ordered.

*Reversed and remanded.*

McLEMORE and CHINN, JJ., dissenting.