# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉,

## CITY OF RICHMOND V. ISLA Y. JETER AND LOUISA M. L. PLEASANTS.

January 30, 1928.

Absent, Burks, J.

1. MUNICIPAL CORPORATIONS—*Action Against City for Negligence—Filing Notice of Claim—Condition Precedent.*—The filing of a written, verified statement of the nature of a claim against the city of Richmond for negligence with the city attorney within six months after the cause of action accrued under section 19-g of the charter of the city of Richmond, as amended by Acts 1918, page 182, is a condition precedent to the maintenance of the action against the city.

2. MUNICIPAL CORPORATIONS—*Action Against City for Negligence—Filing Notice of Claim—Averment that Notice was Given in Pleading—Condition Precedent.*—In an action against the city of Richmond for negligence it must be averred in the notice of motion for judgment or declaration that the notice of the nature of the claim against the city, required by section 19-g of the charter of the city of Richmond, as amended by Acts 1918, page 182, to the city attorney has been given, but such averment is not a condition precedent to the right to bring the action.

3. MUNICIPAL CORPORATIONS—*Action Against City for Negligence—Filing Notice of Claim—Averment that Notice was Given in Pleading—Amendment—Case at Bar.*—In the instant case, an action against the city of Richmond to recover damages for injuries, in the original notice of motion for judgment filed by plaintiff, she failed to allege that she had given the notice to the attorney for the city of Richmond required by section 19-g of the charter of the city of Richmond, as amended by Acts 1918, page 182. Defendant demurred and the court sustained the demurrer, but permitted plaintiff to amend the notice by alleging a compliance with the provisions of section 19-g of the charter of the city of Richmond, as amended by Acts 1918, page 182. It was not denied that a proper notice was served upon the city attorney within one month of the date of the accident.

*Held:* That under the provisions of section 6104 of the Code of 1919, which directs the courts to disregard any error or defect in the

proceedings which does not affect the substantial rights of the parties, and to permit any pleading to be amended in furtherance of justice, the action of the trial court was without error.

4. STREETS AND HIGHWAYS—*Sidewalks—Carriage Stone Displaced—Case at Bar.*—If a carriage stone has been displaced from its original location near the curb and, as a matter of fact, interferes to an appreciable or unreasonable extent with the clear, open space on the sidewalk, and a pedestrian free from fault is injured by falling over it, the city is liable, and an instruction that as a matter of law the stone in question was not an encroachment on the street so as to render defendants liable, was properly refused.

5. STREETS AND HIGHWAYS—*Sidewalks—Encroachment—Questions of Law and Fact.*—Where there is no conflict in the evidence, the question of whether an object in a street or on a sidewalk constitutes an encroachment is one of law, and the criterion is, does the specific object in the particular case constitute such an encroachment as will render the city liable under proper circumstances? But where there is a conflict in the evidence upon a material point, the question is one for the jury.

6. STREETS AND HIGHWAYS—*Sidewalks—Encroachment—Questions of Law and Fact—Case at Bar.*—In the instant case, an action by plaintiff to recover damages for injuries received by her falling over a carriage stone on the sidewalk, it appeared that the stone had been displaced from its original location near the curb. Plaintiff testified that at the time of the accident it could not be used as a carriage stone and was utterly useless as an automobile stone. This defendant denied. The trial court was of the opinion that there was a conflict in the evidence as to the location of the stone at the time of the accident and submitted to the jury the question whether the stone was an encroachment upon the used portion of the sidewalk in the position in which it was at the time of the accident.

   *Held:* That the refusal of the court to take the question from the jury was without error.

7. STREETS AND HIGHWAYS—*Sidewalks—Step Close to the Property Line Used as Means of Access—Instructions—Case at Bar.*—A small house step close to the property line and used as a means of access to the property, as a matter of law, does not constitute an encroachment upon the street; and in the instant case, in view of the allegation in regard to the house step and the evidence adduced that it was an encroachment upon the sidewalk, the failure of the court to instruct the jury that the step did not constitute an encroachment was error.

8. STREETS AND HIGHWAYS—*Sidewalks—Encroachment—Carriage Stone—Case at Bar.*—The instant case was an action by plaintiff to recover for injuries when she fell over a carriage stone on the sidewalk.

The stone had been displaced from its original position near the curb, and the question was whether it constituted an encroachment on the sidewalk at the time of the accident. The court refused an instruction asked for by defendant city, that if the jury believed that the stone was placed upon the sidewalk as and for a stepping stone, and was near the edge of the sidewalk and did not interfere to any appreciable or unreasonable extent with the use of the clear open space upon the sidewalk for the use of travellers, then the jury must find for the defendants. Thus the instruction assumed that the stone was placed in the position it was at the time of the accident for use as a stepping stone, and used the indefinite language "near the edge of the sidewalk," instead of adjacent thereto.

*Held:* That it was not error to refuse the instruction.

9. Streets and Highways—*Sidewalks—Carriage Stone.*—A carriage stone or stepping stone placed upon the sidewalk adjacent to the curb in a city street is a reasonable and permissible use of the street and does not constitute an unlawful obstruction or defect in the street, and gives no right of action to a person on the street who stumbles over it.

10. Instructions—*Repetition.*—It is not error to refuse instructions which were fully covered by other instructions.

11. Streets and Highways—*Sidewalks—Pedestrian Stumbling Over Carriage Stone—Contributory Negligence—Refusal of Instruction—Case at Bar.*—The instant case was an action by a pedestrian for injuries received when she stumbled and fell over a carriage stone when walking on the sidewalk at night. Upon the record before the Supreme Court of Appeals it appeared that the question of contributory negligence of plaintiff was clearly involved in the case, so that it was error to refuse an instruction to the effect that if plaintiff was guilty of contributory negligence there could be no recovery.

12. Streets and Highways—*Sidewalks—Carriage Stone—Injury to Pedestrian—Instructions—Case at Bar.*—In the instant case, an action by a pedestrian who stumbled and fell over a carriage stone on the sidewalk, which had been displaced, the sole question was whether the carriage stone, in the position it was at the time of the accident, constituted an unlawful obstruction. Instructions by the court, in effect, told the jury that, in order to absolve the defendants from liability, they must believe from the evidence that the stone, in the position it was at the time of the accident, "did not interfere to any greater or more appreciable or more unreasonable extent with the use of the clear open space upon the sidewalk for the use of travellers than it did in its original position." The evidence was undisputed that the carriage stone projected further from the curb in its altered position than it did in its original position, and, therefore, the lan-

guage employed was tantamount to directing a verdict for the plaintiff.

*Held:* Error.

13. APPEAL AND ERROR—*Remand—Assignments of Error not Considered.*—Where a case against a city and a property owner must be remanded for a new trial, assignments of error relating to the action of the court in refusing to set aside the verdict of the jury and in imposing the primary liability upon the city will not be considered.

Error to a judgment of the Law and Equity Court of the city of Richmond, in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*James E. Cannon* and *L. F. Cary,* for the plaintiff in error.

*Bethel & Williams, R. Grayson Dashiell, John P. McGuire, Jr.,* and *L. C. O'Connor,* for the defendants in error.

CAMPBELL, J., delivered the opinion of the court.

This proceeding by notice of motion was instituted by Mrs. Isla Y. Jeter against the city of Richmond and Miss Louisa M. L. Pleasants, to recover damages for injuries received by her from falling over a carriage stone, which stone it is alleged was negligently permitted by the defendant to remain on the sidewalk in front of the residence of Miss Pleasants.

On October 31, 1924, the night of the accident, Miss Pleasants was, and for many years prior thereto had been, the owner of a life estate in the premises in the city of Richmond known as No. 508 East Franklin street, located on the north side thereof, between Fifth and Sixth streets. In front of the residence there had

been placed, twenty-seven years ago, a carriage stone. As originally placed, this stone ran parallel with the curb and about six inches therefrom. Subsequently, the stone was displaced and permitted to remain in the position in which it was at the time of the accident.

On the night in question, the plaintiff, in company with her husband and infant son, was proceeding eastwardly on the north side of Franklin street, from Fifth street towards Sixth street, when the plaintiff, who was on the outside of the walk, fell over the stone in question and into the street between the curb and an automobile parked on the street, and received the injuries complained of.

There was a trial by jury which resulted in a verdict of $600 against both defendants. By consent of all parties the question of primary liability (which question is provided for in section 19-g of the city charter), as between the two defendants, was submitted to the court which decided that the primary liability rested upon the city, and thereupon entered judgment upon the verdict of the jury against the city in the sum of $600.

The first assignment of error relates to the action of the court in permitting plaintiff to amend her notice of motion. In the original notice filed, plaintiff failed to allege that she had, within six months after her alleged cause of action had occurred, given to the attorney for the city of Richmond a written statement, verified by affidavit, of the nature of her claim and of the time and place at which the injury was alleged to have been received. This failure upon the part of the plaintiff was the subject of demurrer, which demurrer the court sustained, but permitted plaintiff to amend the notice by alleging a compliance with the provisions of section 19-g of the charter of the city, as amended

by Acts, 1918, page 182. This provision of the charter is as follows: "No action shall be maintained against the said city for damages for an injury to any person or property alleged to have been sustained by reason of the negligence of the city, or of any officer, agent, or employee thereof, unless a written statement, verified by the oath of the claimant, his agent or attorney, of the nature of the claim and of the time and place at which the injury is alleged to have occurred, or been received, shall have been filed with the city attorney of said city within six months after such cause of action shall have accrued."

It is not denied that a proper notice was served upon the city attorney on November 13, 1924, which was within one month of the date of the accident. The crux of the defendant's contention is that the failure to allege in the original notice that notice had been given, as required by the charter provision, was fatal to the right of the plaintiff to *maintain* her action; that the amendment allowed by the court introduced a new cause of action.

[1] It must be conceded that the filing of the required charter notice is a condition precedent to the maintenance of the action against the city. This was so held in *O'Neil* v. *City of Richmond*, 141 Va. 170, 126 S. E. 56, and in *Bowles* v. *City of Richmond*, 147 Va. 720, 133 S. E. 593. The object of the act, as expressed in the title, is to require "claimants for damages accruing by reason of the negligence of the city to give notice of such claim   *   *   *."

The reasons underlying the enactment of such statutes have been given by Judge Prentis in *O'Neil* v. *City of Richmond*, *supra*, thus: "They afford the city authorities the opportunity to investigate the circumstances, examine the locality in which the injury is

alleged to have occurred, and to discover the witnesses promptly so as to ascertain the facts while their recollections are fresh. Such statutes tend to discourage and avoid the expense of litigation, because if the investigation discloses legal liability a prompt settlement is both proper and probable. They also tend to prevent perjury and fraud as well as to avoid injustice growing out of the failure of the witnesses to recollect clearly occurrences long past before they are called upon to testify and thus better to safeguard against unfounded claims. *Tenn.* v. *City of Helena,* 42 Mont. 127, 111 Pac. 715, 36 L. R. A. (N. S.) 1136; *Weisman* v. *New York,* 219 N. Y. 178, 114 N. E. 70, Ann Cas. 1918E, 1023."

[2] A number of cases have been cited by counsel for the defendant city, holding that statutes of a similar character are mandatory, and the giving of the notice is a condition precedent to the right to bring such action, and the fact that notice has been given must be averred and proved by the plaintiff to avoid a dismissal of the action. Our decisions are in harmony with these cases on the question that notice must be filed as required by the statute. On the question that it must be averred in the notice or declaration that the notice has been given, we agree with the trial court that the rules of pleading require that this be done in order to show jurisdiction. We also agree with the trial court that this is not a condition precedent to the right to bring action. The act under review is an effort upon the part of the legislature to protect the municipalities against stale or fraudulent claims. The city, for almost a year, had notice of the claim. The action was brought on the 16th day of March, 1925; no possible prejudice could be imputed to a lack of knowledge upon the part of the city attorney.

[3] Whatever the decisions elsewhere, we are of the opinion that under the provisions of section 6104 (Code 1919), which directs the courts to disregard any error or defect in the proceedings which does not affect the substantial rights of the parties, and to permit any pleading to be amended in furtherance of justice, the action of the trial court was without error.

The second assignment of error is to the refusal of the court to give the following instruction on motion of the city:

"The court instructs the jury that although they believe from the evidence that the step and the stone in the notice of motion mentioned were encroachments upon the street, and that the plaintiff received injury by coming in contact with said stone as in the notice of motion alleged, and that the same were the proximate cause of the accident, yet, inasmuch as the evidence in the case as to the nature, size, character and use of the said step and of the said stone as a stepping stone is clear and is without conflict, the court instructs the jury that as a question of law the said step and the said stepping stone were not such encroachments in the street as to render the defendants liable for the injury resulting therefrom, and they must find a verdict for the defendants."

This instruction, which is based upon a similar instruction approved by this court in *Richmond* v. *Lambert*, 111 Va. 174, 68 S. E. 276, announces a correct principle of law and should have been given if the facts of the instant case warrant it.

In the *Lambert Case*, the facts are undisputed. It appears that there was a step on Williamsburg avenue, one of the streets of the city, in front of the building known as No. 3822, over which plaintiff stumbled and fell and was severely injured. The step was close up

to the front of the building and was used as a means of access to it and was four and one-half inches high and ten and one-half inches wide. This court held as a matter of law that the step in question "in such a place" did not constitute an unlawful obstruction in the street and did not interfere to an appreciable or unreasonable extent with the use of the street.

[4] In the instant case there is no conflict as to the nature, size, character and the original use for which the stone in question was intended. It is shown to be a stone ten inches high, twenty-three inches wide and thirty-two and three eighths inches long, and, according to the evidence of the witness Ernest Hayes, was a very heavy stone, requiring use of a lever to move it. There is no dispute that the stone had been displaced from its original location near the curb. The plaintiff testified that in the position it was in at the time of the accident it could not be used as a carriage stone and was utterly useless as an automobile stone. This is denied by Miss Pleasants. If the stone, as a matter of fact, did interfere to an appreciable or unreasonable extent with the clear, open space on the sidewalk, and the plaintiff was free from fault, the defendant is liable. A comparison of the size and location of the step in the *Lambert Case, supra,* and the size and location of the unattached stone in the instant case distinguishes the two cases.

[5, 6] Where there is no conflict in the evidence, the question is one of law, and the criterion is, does the specific object in the particular case constitute such an encroachment as will render the city liable under proper circumstances? But where there is a conflict in the evidence upon a material point, the question is one for the jury. In the instant case, the learned trial court was of the opinion that there was a conflict

in the evidence as to the location of the stone at the time of the accident. In a memorandum filed with the record the court says: "I am constrained to the conclusion that the court here properly submitted to the jury the question whether the stone was, in the position in which it was at the time of the accident, an encroachment upon the used portion of the sidewalk, which rendered the defendants liable. Even where evidence is undisputed in a negligence case, the determination as to negligence is not necessarily for the court, if it can be reasonably said that different inferences may be drawn from the evidence. I think such is the case here." While the question, as presented by the record, is a close one, we are of the opinion that the refusal of the court to take the question from the jury is without error.

The third assignment of error is to the refusal of the court to give the following instruction on motion of the city:

"The court instructs the jury that a step approximately ——— high and nine inches wide, close up to the property line in front of which it is placed and used as a means of access does not constitute an unlawful obstruction in the street, and if the jury believe from the evidence that the step complained of in the notice of motion was approximately ——— inches high and nine inches wide, was close up to the property line in front of which it was placed, and was used as a means of access to said property, then the court instructs the jury that such a step was not an unlawful obstruction and cannot be taken into consideration by the jury in determining whether or not the defendants were guilty of negligence."

We are of the opinion that it was error to refuse to give the instruction. One of the acts of negligence

relied upon in the notice of motion is that the defendants and each of them carelessly placed, and allowed to remain upon the sidewalk in front of the residence of Miss Pleasants, a large stone or concrete step which projected into the sidewalk about one foot, and which interfered with the free use of the walk. Benjamin L. Jeter, husband of the plaintiff, testified in regard to this step as follows:

"Q. Is there a stone step of 508 projecting into the sidewalk?

"A. There is. The bottom step of 508 projects out into the sidewalk between nine and ten inches, I think.

"Q. Is that step just in front of the edge of the stone?

"A. In front of the edge of the stone. The step projects into the sidewalk between nine and ten inches; it takes up that much of the sidewalk in front of the house and the stone is directly in front of that step.

"Q. In other words, in walking down in front of 508, going down Franklin, you have to go between the two stones, one a step outside of the house line and the other the stone inside the curb line?

"A. One step at the bottom of the steps in the sidewalk, and the other stone is inside the curbing—two stones."

The witness, Cushman, was cross-examined by counsel for the plaintiff in regard to the location of this stone.

[7] Under the doctrine of the *Lambert Case, supra,* this small step which was close to the property line and used as a means of access to it did not constitute an encroachment upon the street, and the jury should have been so instructed. The free, open space in the sidewalk at the place where the accident occurred was the space between the property line and the carriage

stone.   None of the instructions given by the court referred to this house step. In view of the allegation of the notice in regard to this house step and the evidence adduced that it was an encroachment upon the sidewalk, the silence of the court on this question might well have permitted the jury to believe that the existence of the house step and the carriage stone, exactly opposite to each other, did constitute an unreasonable and appreciable obstruction of the sidewalk.

[8] The fourth assignment of error calls in question the action of the court in refusing to give, on the motion of the city, the following instruction:

"The court instructs the jury that a stepping stone placed near the edge of the sidewalk, which does not interfere to any appreciable or unreasonable extent with the use of the clear open space upon the sidewalk for the use of travellers, is not a nuisance so as to be actionable, and that if the jury believe from the evidence that the stone complained of in the notice of motion was placed upon the sidewalk as and for a stepping stone, and was near the edge of the sidewalk and did not interfere to any appreciable or unreasonable extent with the use of the clear open space upon the sidewalk for the use of travellers, then the jury must find for the defendants."

It was not error to refuse this instruction. It assumes that the stone was placed in the position it was at the time of the accident for use as a stepping stone. It uses the indefinite language "near the edge of the sidewalk," instead of adjacent thereto.

[9] The correct doctrine is embodied in instruction No. 1, given by the court to this extent:

"The court instructs the jury that there are objects which subserve the use of streets and cannot be con-

sidered obstructions to them although some portion of the street space may be occupied by said objects, and:

"The court instructs the jury that a carriage block or stepping stone, such as that mentioned in the evidence, placed upon the sidewalk adjacent to the curb in a city street, is a reasonable and permissible use of the street and does not constitute an unlawful obstruction or defect in the street, and gives no right of action to a person on the street who stumbles over the same."

[10] Complaint is made because the court refused to give instructions C-c, E-c and F-c.   There is no error in this action of the court.   Every phase of the case as contended for in these instructions was fully covered by instructions 3, 4, 5, 6 and 7 given by the court.

[11] It is also assigned as error that the court refused to give the following instruction:

"The court instructs the jury that where an injury is caused by the concurrent negligence of both plaintiff and defendant which has contributed as an efficient cause of the injury of which the plaintiff complains, as a general rule there can be no recovery, as courts will not undertake to balance the negligence of the respective parties where both have been at fault in order to ascertain which one was most at fault.

"That in this case, if you believe from the evidence that the defendants were negligent in permitting a stepping stone to lie in the clear open space on the sidewalk for the use of travellers, and if you further believe that the plaintiff was negligent in her care in looking where she was going, or in her care in walking along the outer portion of the clear open space on the sidewalk, or in her care in walking over an obstruction which she could have seen, or in her care in walking in the night time, all as more particularly stated in the

other instructions herein given, and that it was concurring negligence of both parties that caused the injury, then there can be no recovery for the plaintiff.''

Upon the record before us we are of the opinion that the question of contributory negligence is so clearly involved in this case, that it was error to refuse the instruction as offered.

It is assigned as error that the court refused to give instruction I-c asked for by the city. The language employed in this instruction is, we think, too complex. The question of burden of proof was concisely and fully covered by instruction No. 6 and it was not error to refuse instruction I-c.

The next assignment of error challenges the action of the court in giving, over the objection of the city, two instructions prepared by the court. These two instructions are as follows:

"The court instructs the jury that there are objects which subserve the use of streets and cannot be considered obstructions to them although some portion of the street space may be occupied by said objects, and

"The court instructs the jury that a carriage block or stepping stone, such as that mentioned in the evidence, placed upon a sidewalk adjacent to the curb in a city street, is a reasonable and permissible use of the street and does not constitute an unlawful obstruction or defect in the street and gives no right of action to a person on the street who stumbles over the same. And if the jury believe from the evidence that the block or stone mentioned in the testimony was near the edge of the sidewalk and was placed there as and for a stepping block or stone, and in the position in which it was at the time the plaintiff was hurt it did not interfere to any greater or more appreciable or more unreasonable extent with the use of the

clear open space upon the sidewalk for the use of travellers than it did in its original position, considering all the circumstances appearing in the evidence as to the general surroundings of the sidewalk at that point, then the jury should find for the defendants."

"II. If the jury believe from the evidence that the block or stone had become removed from its original position, then in order for it to become an unlawful obstruction the jury should believe from the evidence that it was in such a position at the time of the accident as to encroach upon the free use of the sidewalk at the point in question to an unreasonable extent, and render the sidewalk, for the use of persons using ordinary care, dangerous in a manner not arising from the original placing of the stone and not to be reasonably expected.

"If the jury shall so believe, and further find from the evidence that the change of position of the stone had existed for such a length of time as that the defendants knew or ought to have known thereof and that it made the use of the street unreasonably dangerous; that the plaintiff was injured by reason thereof and would not have been injured if the stone had remained in its original position, then the plaintiff is entitled to recover unless she failed to exercise such care as an ordinarily prudent person would exercise under similar circumstances and such failure caused or contributed to the occurrence."

[12] This assignment of error is well founded. The sole question was whether the carriage stone, in the position it was at the time of the accident, constituted an unlawful obstruction. Bringing into the case, by means of these two instructions, the original position of the carriage stone, and the contrasting of the effect of that with the effect of the position of the stone at the

time of the accident was well calculated to confuse the jury. These two instructions, in effect, told the jury that, in order to absolve the defendants from liability, they must believe from the evidence that the stone, in the position it was at the time of the accident, "did not interfere to any greater or more appreciable or more unreasonable extent with the use of the clear open space upon the sidewalk for the use of travellers *than it did in its original position* * * *." (Italics added.)

The evidence is undisputed that the carriage stone did project further from the curb in its altered position than it did in its original position, and, therefore, the language employed was tantamount to directing a verdict for the plaintiff.

[13] The two remaining assignments of error relate to the action of the court in refusing to set aside the verdict of the jury and in imposing the primary liability upon the city of Richmond. As the case will have to be remanded for a new trial, it would be improper to discuss these assignments of error.

For the errors committed by the trial court, the judgment must be reversed and the case remanded for a new trial, to be had only upon the questions: (1) Were the defendants guilty of negligence as charged in the notice of motion? (2) Was the plaintiff guilty of contributory negligence? and, if not, (3) Upon whom rests the primary liability, if a verdict is rendered in favor of the plaintiff? If, upon a new trial, there should be a verdict for the plaintiff upon the merits of the case, the court shall enter judgment against the defendants, or against the defendant primarily liable, for the sum of $600. Section 6365, Code.

*Reversed.*