# Richmond

## CITY OF SOUTH NORFOLK v. BERTHA L. DAIL.

April 26, 1948.

Record No. 3316.

Present, All the Justices.

The opinion states the case.

*Jas. G. Martin & Sons* and *Jerry G. Bray, Jr.*, for the plaintiff in error.

*Q. C. Davis, Jr.,* and *Herman A. Sacks,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

Mrs. Bertha L. Dail instituted her action against the City of South Norfolk for damages she alleged to have been sustained when she fell by reason of stepping in a hole in the sidewalk on one of the streets of the city. She recovered a verdict and judgment and the city sought and obtained the present writ of error in which it is claimed that Mrs. Dail was guilty of contributory negligence as a matter of law.

After filing the first petition, the city filed a supplemental petition for a writ of error within the period of four months, claiming that Mrs. Dail had not alleged in her declaration that she had given the city notice of her injuries and claim in accordance with Code, 1942 (Michie), sec. 6043a, (Acts of Assembly, 1938, p. 360), and that she had not proven that any notice of her claim had been given the city. For failure to allege that the notice was given, counsel for the city now, for the first time, contend that the lower court had no jurisdiction to try the case.

It must be borne in mind that here we are not concerned with the form of the notice or its sufficiency, for no notice at all was alleged in the declaration and none was proven. The case proceeded to final judgment and it was only upon the filing of the supplemental petition for a writ of error in this court that this point was raised for the first time.

Code, section 6043a, reads as follows: "No action shall be maintained against any city or town for injury to any person or property or for wrongful death alleged to have been sustained by reason of the negligence of the city or town, or of any officer, agent or employee thereof, unless a written statement by the claimant, his agent, attorney or representative, of the nature of the claim and of the time and place at which the injury is alleged to have occurred or been received, shall have been filed with the city attorney

or town attorney, or with the mayor, or chief executive, within sixty days after such cause of action shall have accrued, except where the claimant is an infant or *non compos mentis*, or the injured party dies within such sixty days, such statement may be filed within one hundred and twenty days; and statements pursuant to this act shall be valid, notwithstanding any charter provision of any city or town."

Before the foregoing statute was enacted the city charter of South Norfolk (Acts of Assembly, 1936, p. 191), like the charters of other cities, contained a provision requiring notice to be given to the city attorney of all claims arising against the city for damages for negligence due to the acts of the agents and servants of the city. It is in this language:

"Section 42-a. No action shall be maintained against the said city for damages for any injury to any person or property alleged to have been sustained by reason of the negligence of the city or of any officer, agent, or employee thereof, unless a written statement, verified by the oath of the claimant, his agent or attorney, or the personal representative of any decedent, whose death is the result of the alleged negligence of the city, its officers, agents, or employees, of the nature of the claim and the time and place at which the injury is alleged to have occurred, or to have been received, shall have been filed with the city attorney of said city within sixty days after such cause of action shall have occurred. And no officer, agent or employees of the city shall have authority to waive such condition precedent or any of them."

Prior to the enactment of the general statute, section 6043a, the cities of the Commonwealth had been granted their own charter provisions requiring notice of claims against the city to be filed within a certain time before a negligence action against the city could be maintained. They were not uniform. The Virginia State Bar Association for many years had recommended to the General Assembly that a general Act be passed to be made applicable

to all cities, to replace or supplant the provisions contained in the different charters for notice. It was argued in opposition that the problem was local in its nature and that the cities should continue to control this subject in their respective charters, but the advantages of uniformity prevailed, the objection was overcome, and the General Assembly enacted the statute. See 1931, 1932, 1935 and 1937 reports of the Committee on Legislation and Law Reform of the State Bar Association.

Now in Virginia the subject is regulated by the general statute which was intended to supersede the various city charter provisions. However, we find that the General Assembly failed to expressly repeal those charter provisions so we still have the subject regulated by the several charters as well as by the general Act. The latter does not as a rule repeal a special Act, such as a city charter provision, unless there is a plain intent to do so.

In speaking of the effect of a general Act upon a prior special Act on the same subject, we find this clear statement in 50 Am. Jur., Statutes, sec. 564, "Unless there is a plain indication of an intent that the general Act shall repeal the special Act, the special Act will continue to have effect, and the general words with which it conflicts will be restrained and modified accordingly, so that the two are to be deemed to stand together, one as the general law of the land, and the other as the law of the particular case."

In *Scott* v. *Lichford*, 164 Va. 419, 180 S. E. 393, this identical question was before the court. There it was held that repeal by implication is not favored and that the firmly established principle of law is that where two statutes are in apparent conflict it is the duty of the court, if it be reasonably possible, to give to them such a construction as will give force and effect to each.

And in the same case, at page 423, quoting with approval from McQuillin on Municipal Corporations, this is said:

"In McQuillin on Municipal Corporations, section 875, the rule is stated as follows: 'Where a contrary intention is not manifest, the general rules relating to repeals by

general laws of charter and ordinance provisions and legislative acts applicable to municipal corporations, which, in effect become constituent parts of their charters, may be thus summarized:

" '1. Constructive repeals or repeals by implication are not favored.

" '2. A later statute which is general does not repeal a former one that is particular unless negative words are used, or the acts are so entirely inconsistent that they cannot stand together. Thus laws existing for the benefit of particular municipalities ordinarily are not repealed by general laws relating to the same subject matter. Stated in different phrase, where the subsequent general law and prior special law, charter or ordinance provisions do not conflict, they both stand, but this result must depend, of course, upon the legislative intent which is to be ascertained from an examination and comparison of the whole course of legislation relating to the subject under consideration.

" 'See also, *State* v. *Peter*, 101 Minn. 462, 112 N. W. 866; *Buffalo Cemetery Ass'n* v. *Buffalo*, 118 N. Y. 61, 22 N. E. 962; *Rogers* v. *Bass, etc., Co.*, 64 Okla. 321, 168 P. 212.' "

The only case to reach this court since the enactment of section 6043a is *Richmond* v. *Best*, 180 Va. 429, 23 S. E. (2d) 224. There we expressly recognized the continued validity of a similar charter provision notwithstanding the subsequent statute and construed them together.

Similar charter provisions have been held constitutional. *O'Neil* v. *Richmond*, 141 Va. 168, 126 S. E. 56, and *Bowles* v. *Richmond*, 147 Va. 720, 129 S. E. 489, affirmed on rehearing, 147 Va. 729, 133 S. E. 593.

Several purposes for such charter provisions and statutes have been given by the various courts. For instance, in Maine, the purpose is stated to be that the injured person shall early commit himself to a statement of his condition when he would be more likely to describe it frankly and fairly than at a later period. See *Goodwin* v. *Gardiner*, 84 Me. 278, 24 A. 846.

The California court, in *Crescent Wharf, etc., Co.* v. *Los Angeles*, 207 Cal. 430, 278 P. 1028, gives as the purpose that it is important to municipalities, in making preparations for carrying cities through each fiscal year, to be informed within a reasonable time in advance as to the indebtedness or liability that they are expected to meet.

The majority of the courts, however, hold that the main object of the notice is that the town or city may have an early opportunity to investigate the cause of an injury and the condition of the person injured before changes occur which might affect such proof. This latter view, in substance, seems to be the reason assigned for such charter provision in Virginia. In *O'Neil* v. *Richmond, supra,* it is held that the notice affords the city authorities the opportunity to investigate the circumstances, examine the locality in which the injury is alleged to have occurred, and to discover the witnesses promptly so as to ascertain the facts while their recollections are fresh. Such provisions tend to discourage and avoid the expense of litigation because a prompt settlement may be made in a proper case. They also tend to prevent perjury and fraud.

None of the reasons given, upon principle, seems to justify this preference extended to municipal corporations. All of them may just as aptly apply either to individual or corporate defendants. However, Virginia is committed to the rule laid down in the *O'Neil Case.*

In *Jackson* v. *Richmond,* 152 Va. 74, 146 S. E. 303, this court held that where a statute requires that before an action for negligence against a city may be maintained, a notice of the claim must be given to the city, that such notice must be filed as required by statute, and that *it must be alleged that the notice has been given.* The rules of pleading require that this be done *in order to show jurisdiction. Bowles* v. *Richmond, supra.* See also, *Richmond* v. *Jeter,* 149 Va. 235, 141 S. E. 260.

In *Richmond* v. *Best, supra,* there was an allegation in the notice of motion that the notice had been given the city attorney in accordance with section 6043a within the

time prescribed, but at the trial of the case there was no proof that such notice had actually been given. After verdict, on the motion to set it aside, the question of the lack of proof of notice was raised for the first time. This court held that the allegation of notice in the declaration or notice of motion was essential in order to confer jurisdiction upon the court to entertain the action, but that the failure to offer any proof that the notice had been given was not jurisdictional. The court remanded the case to the lower court for the purpose of receiving proof of whether or not the notice had actually been given.

Virginia, prior to the enactment of the general statute in 1938, was committed to the proposition that the charter notice of a claim for damages had to be alleged in the notice of motion or declaration or else the court was without jurisdiction to entertain the action. The legislative intent, as expressed in the charter, was to prohibit the institution and maintenance of any action against a city based on negligence except after such notice. Language could not have been clearer than that used by Judge Prentis in *O'Neil* v. *Richmond, supra,* at page 176 (141 Va. 168). He expressed for the court its construction of the provision thus: "The language here under review is so clear as to carry its own obvious meaning; indeed, it is difficult, if not impossible, to suggest any more clear or comprehensive words to express the purpose to prohibit the institution or maintenance of any action whatever against the city based upon negligence, except after such notice. For this court to put any limitation upon this clear and comprehensive language would be to defeat the purpose so clearly stated in the title as well as in the text."

That case was followed by *Bowles* v. *Richmond, supra; Richmond* v. *Jeter,* 149 Va. 235, 141 S. E. 260, and *Jackson* v. *Richmond, supra,* all holding the charter notice jurisdictional and forbidding the court to entertain jurisdiction without an allegation that the notice had been given.

After the express holding in those cases that the allegation of notice was jurisdictional, the General Assembly, in

1938, enacted the general statute to which we have referred, acquiescing in the prior interpretation of the charter provisions made by this court, and embodying in it, substantially, those charter provisions. This action by the General Assembly, in effect, amounted to an approval by it of the interpretation of the charter provisions made by this court in those cases.

Subsequent to the enactment of the general statute in *Richmond* v. *Best, supra,* this court reiterated its prior holding in the cases referred to and placed the indentical construction upon the statute that previously had been placed on ·the charter provisions. In addition to that, this court considered the charter provision still in effect and construed it along with the statute.

Undoubtedly the law in Virginia at this time is that the notice is a matter of jurisdiction, and a failure to allege it is fatal to any action against a city based on negligence.

After mature consideration we have reached the conclusion that this holding is harsh and unreasonable, and should be modified. As the provisions have been heretofore construed, the failure to give the notice constitutes a trap for the unwary. We do not think the allegation ought to be a jurisdictional essential nor do we think our prior decisions on this point, so holding, are justified. Therefore, this court should not continue to perpetuate what it now regards as error.

A fair interpretation of the statute and the various charters of the cities does not compel us to make the notice a jurisdictional essential. If the General Assembly had so intended, it would have used plain language for that purpose. While the provisions of the statute and the charters in this regard are mandatory and a compliance with them is necessary, they should not be regarded as jurisdictional.

The failure to make the allegation of notice should be taken advantage of by the city as a matter of defense to the action. It should not be held to be a complete bar to the institution of the action, nor a condition precedent

to the right to institute it. In reality, the failure to give it within the prescribed time is in effect and practical operation no more than conferring upon the city a preferential benefit of a 60-day statute of limitation.

We therefore hold, in the light of what we now regard as the better reason, that the requirement is not jurisdictional to the institution of an action against a city, and that our former decisions so holding should be disapproved and modified to that extent. In the instant case, however, there was neither an allegation of notice nor proof that it was actually given. The record here shows no attempt at compliance with the mandatory provisions of the statute or the charter, but the question of the failure to give the notice was raised for the first time in this court which under Rule 22 comes too late.

According to her own testimony, the plaintiff was guilty of contributory negligence as a matter of law. She testified that she stepped in a hole in the sidewalk which was about 2 feet in diameter and 2½ inches deep, and that in it the concrete had been broken in pieces. This occurred in the daytime when it was not raining, and there was no obstruction to her vision. The hole was in her plain view but she stated that she did not see it until after she fell—that then she did see it for the first time. She gives no excuse for not having seen the hole before she stepped into it. No conclusion can be drawn from her testimony other than that she walked blindly into the hole which she was bound to have seen if she had looked. There is no conflict in the evidence on this point and no room for the deduction of conflicting inferences. The hole was open and obvious to anyone walking on the sidewalk in the exercise of ordinary care. This case is controlled by *Staunton* v. *Kerr*, 160 Va. 420, 168 S. E. 326. There we approved the followng quotation taken from *Lerner* v. *Philadelphia*, 221 Pa. 294, 70 A. 755, 21 L. R. A. (N. S.) 614:

"When one abandons the use of his natural senses for the time being and chooses to walk over a pavement by

faith exclusively and is injured because of some defect in the pavement he has only himself to blame. It is, of course, the duty of municipalities to see that the pavements along its streets are reasonably safe for public use; but they are not insurers of the safety of those using them. \* \* \* When the accident occurs in broad daylight in consequence of an open and exposed defect in the sidewalk the burden rests upon the party complaining to show conditions outside of himself which prevented him seeing the defect or which would excuse his failure to observe it. If such conditions exist, there is excuse for walking by faith. When they do not exist the law charges the party with failure to do what was required of him. \* \* \*"

The judgment is reversed and final judgment entered here for the City of South Norfolk.

*Reversed and final judgment.*