## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Harriet Benson

      v.

City of Fredericksburg

June 8, 1984

By JUDGE JOHN A. JAMISON

I have had for decision Mr. Sokol's motion to dismiss the Plaintiff's Motion for Judgment on the ground that it is not in full compliance with the requirements of Virginia Code Section 8.01-222.

I have read each of the cases cited by counsel for both the Plaintiff and the Defendant. One of the earlier cases, *City of Norfolk v. Dail*, 187 Va. 495 (1948), explains that the purpose of the above section is to afford the City authorities the opportunity to investigate the circumstances and to discover the witnesses promptly so as to ascertain the facts while their recollections are fresh. It does not seem to be denied in the instant case that the notice as contemplated by the Code section was given within ample time for the essential purposes of the section to be fulfilled. The six months statute in which the notice must be given is arbitrary and peremptory and the Supreme Court in *Daniel v. Richmond*, 199 Va. 490 (1957), so labels it. Yet in *Norfolk v. Dail*, *supra*, the requirement is not jurisdictional or a bar to such an action.

In *Portsmouth v. Cilumbrello*, 204 Va. 11 (1963), the notice was held adequate which told the City of the nature of the Plaintiff's claim and the date and place of the injury. In *Heller v. Virginia Beach*, 213 Va. 683 (1973), a written statement made in the claimant's presence

as he furnished the necessary information to police officers was held to be sufficient compliance with the statute.

The only thing missing from the notice in the present case is a pinpointed, exact location. It seems to me here that since the City had knowledge from its investigation after receiving the notice, the need for being supplied the exact location became a moot and now an invalid objection, the purpose of the notice having been fully served and the City in no way having been prejudiced in its response to this suit.

It appears that counsel for the Plaintiff has made a persuasive argument that while the facts in each case must be considered carefully by the Court and the Court should not hesitate to grant such a motion as the City has filed here, there is ample basis in this case to find that substantial compliance with the requirements have been met. As stated in *Bowles v. City of Richmond*, 147 Va. 720 (1925):

> There is nothing sacrosanct about these notices, faith and fair intent must prevail. Here a notice was given in all respects regular except, that it was not verified. That notice was not merely received, but it was acted on after full investigation. . . . It would violate every principle of fair dealings for the City to say you may have had a case, but with a red herring we have distracted your attention from a fatal technical omission in your notice. We have lulled you to sleep and now your day of grace has passed.

While this is an older case, it enunciates a principle in connection with the rather long-standing statutory requirement which certainly seems valid to me.

The above language indicates that notwithstanding the mandatory requirements of the statute, a Court should not place too narrow an interpretation on the law but should follow the rule of fairness if there is any leeway whatever.

Accordingly, the motion of the City to dismiss must be denied.