## CIRCUIT COURT OF THE CITY OF RICHMOND

Jesse Pellot-Rosa

v.

City of Richmond

July 2, 1987

Case No. LK 2672-2

By JUDGE ROBERT L. HARRIS, SR.

The defendant, City of Richmond, has moved for summary judgment on the grounds that the notice required by Section 8.01-222 of the Code of Virginia was insufficient as to the place of injury, thereby depriving the city the opportunity to carry out the purposes of the statute. The parties have agreed that the discovery deposition of James A. St. Pierre, Chief of the Bureau of Facilities Maintenance, Department of Recreation and Parks for the City of Richmond, may be considered by the court in deciding the motion for summary judgment.

The court concludes that the notice was sufficient to enable the city to carry out the purposes of the statute, and denies the motion for summary judgment.

*Facts Presented*

The plaintiff alleges that while playing on the basketball court at the Swansboro playground he slipped and fell and was injured. As a result of the injury, the plaintiff claims large medical expenses for knee surgery, permanent injuries and pain, loss of income now and in the future, "and other damages."

Notice was timely made in writing to the City of Richmond stating that plaintiff was injured "at Swansboro Playground, on June 4, 1985." In the caption of that notice, the location of Swansboro Playground was given as 34th and Stockton Streets.

Parties agree that the location of the Swansboro Playground is not at 34th and Stockton Streets, but is at 31st and Stockton (or Swansboro Lane and Logandale Avenue. The two corners are on the same block.) The city has pointed out that there is a Swansboro School in the same neighborhood, at 31st and Midlothian Turnpike, approximately five blocks distant from the Swansboro Playground. There is a playground, without basketball goals, at the Swansboro School.

### Discussion

The statute requires notice in writing to the city "of the time and place at which the injury is alleged to have occurred." In cases decided on this point, the Supreme Court of Virginia has held that while "the statute should be construed liberally and substantial compliance with its terms is sufficient," "when a notice wholly fails to state where an accident occurred, such an omission cannot be remedied by statutory construction." *Town of Crew v. Marler*, 208 Va. 109, 112-13 (1984).

The issue raised here is whether the city officials were notified where the accident occurred with sufficient clarity to enable the city to carry out the purposes of the statute. The language quoted from *Marler* includes the word "wholly," which would distinguish, at least in part, that case from the facts presented here. In *Marler* the place was given only implicitly (the injury was "a result of defective sidewalk conditions in your town.") Here the place of injury is stated correctly in the notice, with additional and erroneous information included in the caption of the letter. The erroneous information, 34th Street rather than 31st Street, places the playground four blocks west of the correct location, but not in the direction of the Swansboro School Playground.

*Marler* does not appear to control this case. There no place was given; here place was given. The guidance in published opinions of the Supreme Court of Virginia

requires the trial court to decide whether the plaintiff's notice complied with the statute so as to effect the purposes the General Assembly had in mind. Those purposes involve providing the municipal government with information necessary to take corrective action, to conduct a prompt investigation of the claim, and if appropriate, effect a prompt settlement and avoid the expense of litigation.

If the city's employees had moderate difficulty identifying the location of the injury, such as would be the case if there were basketball goals at ambiguously described playgrounds, there may have been some merit to the defendant's grounds. But here no evidence of actual confusion has been presented to the court.

There is an issue not raised by counsel that further supports the court's decision to deny the motion for summary judgment. If the notice as given caused the city to act, the notice may be sufficiently in compliance with the statute to be valid. While neither receiving a defective notice, nor examining the facts, will be a waiver, if the city acted on such notice there will be a waiver. *Bowles v. City of Richmond*, 147 Va. 720, 731 (*rehearing* 1926). Here there may have been some corrective action taken by the city that would constitute a waiver of notice as discussed in *Bowles*, but from the information available in Mr. St. Pierre's deposition it appears that the only maintenance was done at the Swansboro School Playground. From the interrogatories it appears that no maintenance was performed at the Swansboro Playground after the alleged injury on June 4, 1985. (A basketball net rim was installed May 22, 1985.)

If there be action, notice is found to statutorily sufficient (*Bowles* at 728). If there be no action, notice must be proper, i.e., correct in every detail. (*Id.*) The court concludes there was a "correct" place in the plaintiff's notice if the city knew from that information where the alleged injury occurred. Because Mr. St. Pierre went to the departmental playground based on the notice, the place description appears to have been "correct." The motion is therefore denied.