# Mary F. Miles

## V.

# City of Richmond

Record No. 860953

November 18, 1988

Present: Carrico, C.J., Poff, Compton, Stephenson, Russell and Thomas, JJ., and Gordon, Retired justice

*William H. Shewmake (J. Thomas McGrath; Thomas F. Coates, III; Coates & Davenport*, on briefs), for appellant.
*Reginald M. Barley* for appellee.

COMPTON, J., delivered the opinion of the Court.

The narrow question in this personal injury action is whether the notice to a city of municipal negligence was furnished by the claimant's "agent" or "representative," within the meaning of Code § 8.01-222.

As pertinent here, the statute provides:

"No action shall be maintained against any city . . . for injury to any person . . . alleged to have been sustained by reason of the negligence of the city . . . unless a written statement by the claimant, his agent, attorney or representative of the nature of the claim and of the time and place at which the injury is alleged to have occurred or been received shall have been filed with the city attorney . . . within six months after such cause of action shall have accrued . . . ."

In July 1985, appellant Mary F. Miles filed this action against appellee City of Richmond and Otis Elevator Company alleging she was injured on July 17, 1984 while entering a public elevator in the City Hall. The trial court sustained a motion for summary judgment filed by the City after considering the attorneys' representations of fact and memoranda of law. We awarded the plain-

tiff this appeal from a July 1986 order dismissing the action against the City. The suit remains pending against the elevator company.

On the day in question, the plaintiff went to the Citizens Assistance Office in the City Hall following the incident to make a report of the accident. After the plaintiff orally related the facts, personnel at that office summoned John M. Coffman, Superintendent of the City's Division of Operations, a part of the Department of General Services.

Coffman, the "building superintendent," interviewed the plaintiff concerning the facts of the incident and accompanied her to examine the elevator in question. Later that day, Coffman transmitted a typewritten memorandum on City stationery, labelled "For Intracity Correspondence," to the "Chief, Bureau of Buildings Management-DGS." The "Subject" of the memo was "Report of Accident to Private Citizen on Elevator-City Hall."

The text of the memorandum, with typing errors, follows:

"At approximately 2:40 PM, Tuesday, July 17, 1984, I took a report of an accident to a private citizen that happend on an elevator in the City Hall.

"This accident occured when Mrs Mary F. Miles entered the elevator number two on the fifth floor to return to the first floor. The elevator in question stopped on its down trip at the fifth floor but did not level the car with the floor. Mrs Miles stumbled and was kept from falling completely by a male passenger already on the car. Mrs Miles stated to me that she thought she had pulled a muscle in her right side, but she did not think she required hospital treatment at the time. I offered to call an ambulance but she refused same. Mrs Miles resides at . . . , ZIP code 23226, phone number . . . . The accident occurred at 2:25PM this date.

"At 2:55 PM, Mr. Don Young, Otis Elevator Company Service Man and myself checked the number two car and found that on its down trip, in fact, stopped about an inch above the fifth floor. Immediate steps were taken to correct this malfunction.

"Above submitted for your information."

The document indicated that copies were sent to "Dept. of Law," to "Dept. of Risk Management," to "Safety Officer," and to "Acting Director, DGS." No other written statement of the nature of the claim or of the time and place at which the alleged injury occurred was filed with the City within the statutory time period.

■ The language of the statute in question is clear and comprehensive; its provisions are mandatory, not jurisdictional. *Town of Crewe* v. *Marler*, 228 Va. 109, 112, 319 S.E.2d 748, 749 (1984). The statute is to be construed liberally and substantial compliance with its terms is sufficient. *Id.*, 319 S.E.2d at 749.

■ The decision in this case turns on the application of *Heller* v. *City of Virginia Beach*, 213 Va. 683, 194 S.E.2d 696 (1973), to these facts. The plaintiff contends that *Heller* requires reversal of the decision below, while the City argues that the trial court correctly ruled *Heller* is inapposite. We agree with the plaintiff.

In *Heller*, the claimant, allegedly injured by municipal negligence, furnished complete information about the accident to city police officers who promised to file a report with the proper city official. A written report was filed later by a city policeman with the city law department giving detailed information about the accident. The report was not signed by Heller and he was unable to identify the report as the same one filled out by the officers when he gave them the details of the incident.

■ We determined the trial court erred in ruling that Heller had failed to comply with the statutory notice requirements. We said: "The purpose of the statute is to enable a city to make a prompt investigation of tort claims, to correct dangerous or defective conditions, and, where justified, to avoid the expense and delay of litigation by making voluntary settlements with claimants." *Id.* at 685, 194 S.E.2d at 698. There, we pointed out that although the written statement was not prepared by Heller, it was made in his presence with his approval as he furnished the necessary information. Accordingly, we held that the police officer who wrote, signed and arranged for delivery to the City Attorney of the statement of Heller's claim "did so as his agent or representative in substantial compliance" with the statutory provisions. *Id.* at 686, 194 S.E.2d at 699.

■ In the present case, we hold that Coffman, who prepared, signed and forwarded to the City Attorney a statement of the plaintiff's claim, likewise did so as her agent or representative in

substantial compliance with the statute. The City contends, as the trial court reasoned, that the fact distinguishing *Heller* from this case is that in *Heller* the writing was for the purpose of reporting and making a claim. The writing here, according to the argument, was merely a routine internal City administrative memorandum recounting the incident without any indication on its face that the plaintiff was making a claim. This view is not consonant with the requirement that the statute should be liberally construed and that substantial compliance with its terms is sufficient.

The information furnished by the plaintiff, as recorded by Coffman, had all the characteristics of a statement of a potential claim against the City. The facts of the incident were detailed and specifics about a suspected personal injury were related in a "Report of Accident." Wisely, the city employee offered to summon an ambulance for the claimant and even noted this in the statement.

Under these circumstances, the City employee properly acted in a dual capacity, like the police officer in *Heller*. Representing the City, Coffman gave routine assistance to a person injured on City property, investigated the incident, arranged for a technician to examine the malfunctioning elevator, and distributed a detailed report to appropriate administrative officials. Representing the citizen, Coffman prepared and completed a written statement of a potential claim which was forwarded to the City Attorney. It would also have been proper for Coffman to have informed the plaintiff that she should prepare and sign her own claim statement and file it in a timely manner with the appropriate City official. As we noted in *Heller*, were the statute not construed in this liberal manner, "any person injured even slightly might unknowingly forfeit his right to recover against a city on a meritorious claim unless he promptly employed an attorney to advise him as to the technical requirements of the statute." *Id.* at 685-86, 194 S.E.2d at 699.

Consequently, the trial court's order dismissing the plaintiff's action against the City will be reversed and the case remanded for a trial on the merits.

*Reversed and remanded.*