## CIRCUIT COURT OF LOUDOUN COUNTY

Linda A. Niland

v.

Town of Middleburg
and David R. Simpson

February 2, 1995

Case No. (Law) 15947

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court on the Demurrer of the Defendants. After consideration of the argument of counsel on January 9, 1995, and the memoranda filed by counsel, the Demurrer is sustained in part and overruled in part for the reasons that follow.

In this tort action, the Plaintiff, a former police officer for the Town of Middleburg, seeks recovery for intentional infliction of emotional distress, intentional interference with contractual relations, and wrongful termination of employment.

A demurrer admits the truth of all well-pleaded material facts. All reasonable factual inferences fairly and justly drawn from the facts alleged must be considered. However, a demurrer does not admit the correctness of any conclusions of law contained in the pleading. *Fox v. Custis*, 236 Va. 69, 71 (1988). The facts alleged in the Motion for Judgment are recited herein only to the extent needed to explain the Court's decision.

Each ground of the Demurrer is addressed below.

*Notice Requirement of Va. Code § 8.01-222*

Under § 8.01-222, "no action may be maintained against any city or town for injury to any person or property or wrongful death alleged to have been sustained by reason of the *negligence* of the city or town" unless notice thereof is given to it in a manner prescribed by the statute. The Town asserts that the Plaintiff did not allege that such notice had been given. Therefore, the Town argues that she cannot maintain the action. For the reasons that follow, I do not agree.

The words used in a statute must be given their plain meaning. If a word used in a statute has a known legal import, then the word is considered as being used in that sense unless the statute shows a contrary intent. Clearly, the statute refers only to claims based on negligence. Here, all the claims of the Plaintiff are based on intentional torts, not negligence. Therefore, § 8.01-222 does not apply to intentional torts. The language in *Miles v. City of Richmond*, 236 Va. 341 at 344 (1988) ("The purpose of the statute is to enable a city to make prompt investigation of *tort* claims . . . .") cannot be construed as an opinion of the Supreme Court that the statute applies to all types of tort claims. The issue in *Miles* was one of the representative capacity of the person giving the notice and not one of the nature of the claim or whether notice was required under the statute.

The Demurrer is overruled on this ground.

*Workers' Compensation Issues*

The town asserts that the Plaintiff's remedy lies exclusively in the Workers' Compensation Act. Specifically, it asserts that the Plaintiff's sole remedy is under § 65.2-308 which provides that no employer "shall discharge an employee *solely* because the employee intends to file or has filed" a workers' compensation claim. The statute goes further to provide that an employee may bring an action in circuit court against an employer who has allegedly discharged him in violation of the statute.

As this code section is in derogation of the common law doctrine of at-will employment, it must be construed strictly. The Plaintiffs' motion for judgment does not allege that she was discharged solely because she filed a workers' compensation claim. She alleges that she was discharged because she filed a workers' compensation claim and because she was disabled and unable to work as a result of an injury she sustained while performing her duties as a town police officer.

Section 65.2-308 is a statutory exception to the at-will employment doctrine which provides a very narrow procedural remedy for a very spe-

cific type of retaliatory discharge. If the aggrieved employee states a claim for retaliatory discharge based solely upon the filing of a workers' compensation claim, then § 65.2-308 provides a remedy. In such a proceeding, the employee will prevail only if he shows that the sole and only reason for his discharge was his filing of a workers' compensation claim. If the employer proves that the employee was discharged for any other reason, even if it is in combination with the filing of a workers' compensation claim, then the employer will prevail. Hence, if the employee alleges a reason for discharge in addition to the filing of a workers' compensation claim, then it makes no sense to argue that he must proceed under a statute which will prevent a recovery if he proves what he alleges.

Section 65.2-308 merely provides a remedy when the employee's claim of retaliatory discharge is based solely and exclusively on the filing of a workers' compensation claim. In *Lockhart v. Commonwealth Education Systems*, 247 Va. 98 (1994), the Virginia Supreme Court recognized that in cases of wrongful discharge, the employee may have a statutory remedy as well as a common law tort remedy available to him. 247 Va. at 105. Further, the damage to the Plaintiff claimed in this case is not the injury she suffered while performing her duties as a police officer (which is clearly an injury by accident arising out of or in the course of employment and, therefore, within the scope of the Workers' Compensation Act), but her damages surrounding and following her termination. I cannot find that, on the facts alleged, the Plaintiff's remedy lies exclusively in the Workers' Compensation Act.

The Demurrer is overruled on this ground.

### Intentional Infliction of Emotional Distress

The elements of the intentional tort of intentional infliction of emotional distress are as follows:

(1) The wrongdoer's conduct is intentional or reckless;

(2) The conduct is outrageous and intolerable;

(3) The wrongful conduct and emotional distress are causally connected; and

(4) The distress is severe.

*Womack v. Eldridge*, 215 Va. 338, 342 (1974).

The Defendants assert that the conduct as alleged in the Motion for Judgment is not outrageous and intolerable. While I agree with Ms. Bredehoft that *Russo v. White*, 241 Va. 23 (1991), was not ultimately decided on this element (the Supreme Court assumed without deciding that the

conduct rose to the level of outrageousness required to support the cause of action but went on to decide the case on the fourth element), it did provide guidance on what must be alleged to satisfy the second element. The Supreme Court referred to comments from the Restatement (Second) of Torts, Section 46 (1965). In particular, the Supreme Court cited comment d which states:

> Liability has been found only where the conduct has been so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

For reasons that follow, the Demurrer is sustained on this ground.

However the Plaintiff wishes to characterize her claim against the Town and Chief Simpson, it arises out of an employment dispute. It is not just any ordinary employment situation but involves the Plaintiff's employment as a police officer. It involves allegations against Defendants charged with providing police protection for the safety of the citizens of the Town of Middleburg.

There is no allegation that the Plaintiff at the time of her termination could perform her duties as a police officer. Her own allegations set forth reasons why she was terminated that relate to the need of the Town to have adequate police protection. Her allegations do not rise to the level of outrageous and intolerable conduct on the part of the Defendants.

Although Mr. Brandt did not argue it, I question whether the allegations as to the fourth element (severe emotional distress) are sufficient to survive a demurrer in light of *Russo*.

### Intentional Interference with Contractual Relations

Defendant Simpson asserts two grounds for his Demurrer to this alleged intentional tort of intentional interference with contractual relations. First, he argues that as the Chief of Police for the Town of Middleburg, and, as such, being an agent of the Town, he cannot interfere with the Plaintiff's contract with the Town under the rationale of *Fox v. Deese*, 234 Va. 412 (1987). Second, he asserts that the Plaintiff's allegations must fail because as a matter of law she did not allege that he had a pecuniary interest in the severance of her contract with the Town citing *Chaves v. Johnson*, 230 Va. 112 (1985).

For the reasons that follow, the Demurrer is overruled on these grounds.

While I agree with the legal theory asserted as to the first ground, I cannot find that the allegations clearly show that at all times Chief Simpson was acting within the scope of his employment. I feel that this is a factual matter to be resolved later and not at this time on a demurrer.

Even though all the Virginia cases dealing with intentional interference with contractual relations may have involved defendants who stood to gain pecuniarily as a result of the alleged wrongdoing, I do not feel that any case has stated that a pecuniary gain or enrichment to the defendant at the expense of the plaintiff is an element of the tort. Damage to the party whose relationship or expectancy has been disrupted, the fourth element, see *Duggin v. Adams*, 234 Va. 221, 226 (1987), does not include a requirement that the defendant be enriched.

### Wrongful Termination of Employment; Permanent Disability

The Town demurs to the Plaintiffs' claim of wrongful termination of employment because she has failed to allege that she was permanently disabled. It asserts that she has no protection under state or federal disability acts unless she is permanently disabled. The Plaintiff argues that her claim falls under the "public policy" exception to the at-will employment doctrine under *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985), because her termination violates the strong public policy under federal and state law regarding discrimination against disabled workers and retaliation for filing workers' compensation claims.

Although the Virginia Supreme Court in *Lockhart v. Commonwealth Education Systems*, 247 Va. 98 (1994), held in a 4 to 3 decision that the narrow exception of *Bowman* includes instances of termination because of discrimination based upon gender or race, it did state that it did "not retreat from [its] strong adherence to the employment-at-will doctrine." 247 Va. at 106. Such terminations are tortious not because the employees have a vested right to continued employment but because the employers misused their freedom to terminate at-will employees by discharging them in violation of public policy. As explained in *Miller v. SEVAMP, Inc.*, 234 Va. 462 (1987), the public policy involved is "the policy underlying existing laws designed to protect the property rights, personal freedoms, health, safety, or welfare of the people in general." 234 Va. at 467-468.

The Plaintiff cites in the Motion for Judgment that the public policy against discrimination in employment on the basis of disability is articulated in this state by (1) Article I, Section 1, of the Virginia Constitution, (2) the Virginia Human Rights Act (Virginia Code §§ 2.1-714 through

2.1-725), (3) the Americans with Disabilities Act (42 U.S.C. § 12001 *et seq.*), (4) the Virginia Workers' Compensation Act (Virginia Code § 65.2-100 *et seq.*), and (5) the Virginia Labor and Employment Laws (Virginia Code § 40.1-1 *et seq.*). She does not cite the Virginians with Disabilities Act (Virginia Code § 51.5-40 *et seq.*).

The Town's argument on their Demurrer is very narrow. The Demurrer states that the Plaintiff is "not covered by any disability act under the allegations set forth." In argument Mr. Brandt refines this assertion to mean that the Plaintiff cannot state a cause of action unless she has a permanent disability because a permanent disability is the only type covered by the disability acts cited by the Plaintiff. Our Supreme Court answered this argument in *Lockhart* when it found no merit in Commonwealth Education's argument that Ms. Lockhart's actions did not fall within the narrow *Bowman* exception because she may have an adequate statutory remedy available under certain federal statutes. 247 Va. at 105. It is irrelevant that the Plaintiff may not have a private cause of action under the various acts she cites in her Motion for Judgment.

The Demurrer is overruled for the very narrow reason that I cannot find at this time that as a matter of law the Plaintiff must allege a permanent disability as a necessary prerequisite to any claim for a violation of the public policy underlying federal and state law concerning discrimination against disabled workers. However, on the other hand, I cannot find that a person, whether temporary or permanently disabled, has a right to any type of employment he or she may choose. For example, I cannot overlook the "otherwise qualified" requirement under "The Virginians with Disabilities Act" (§ 51.5-41) and the "Americans with Disabilities Act" (42 U.S.C. §§ 12111 and 12112). Again, I must note that the Plaintiff has not alleged that when she was terminated, she could perform the duties as a police officer for the Town or within what time period she could have resumed her duties. She merely alleges that she has a temporary disability. The relevancy of any argument about when she could have resumed her duties once her disability was removed and its relationship to any violation of the public policy regarding persons with disabilities is reserved for another day. I am sure the Plaintiff realizes that I cannot rule that the mere termination of at-will employment because of a disability gives rise to an actionable claim of wrongful discharge. An at-will employee does not have the right to continued employment even after he or she becomes disabled and cannot perform the job.