## CIRCUIT COURT OF ROCKINGHAM COUNTY

Wampler Foods, Inc.

v.

City of Harrisonburg

October 2, 1997

Case No. (Law) 10918

BY JUDGE JOHN J. MCGRATH, JR.

The plaintiff, Wampler Foods, Inc., is, *inter alia*, a processor of poultry products with major facilities located in and about the Harrisonburg and Rockingham County area. The defendant is the City of Harrisonburg which operates a municipal electrical distribution system through the Harrisonburg Electric Commission and supplies electricity to residences and industries located in the vicinity of the City of Harrisonburg. There was a contractual relationship between the plaintiff, Wampler, and the City of Harrisonburg requiring the Harrisonburg Electric Commission to supply uninterrupted power to the Wampler facility in question.

On October 9, 1995, there was a catastrophic fire in three 250 KVA transformers which were owned and operated by the City of Harrisonburg and which were located immediately adjacent to Wampler's turkey processing plant. The plaintiff contends that the fire and the ensuing interruption of electric service to their business was the result of the negligence of the City of Harrisonburg in installing and maintaining the transformers and trunk lines going from the transformers to the Wampler facility. As a result of this failure, the plaintiff alleges that it incurred substantial damages to its property and also business interruption losses, lost profits, and expenses to mitigate damages. The plaintiff has, therefore, filed a two-count Motion for Judgment against the City of Harrisonburg claiming damages arising from the interruption to their electric service.

Count I of the complaint states a straightforward contractual claim and the defendant does not demur to Count I. Count II of the complaint, however,

alleges negligence on the part of the City of Harrisonburg, and to that Count the defendant has filed a Demurrer. The gravamen of the defendant's Demurrer is as follows.

(1) Section 8.01-222 of the Code of Virginia has a mandatory requirement for a six-month written notice to municipalities for any claim against a municipality based on negligence. Since the Motion for Judgment does not allege that the written statutory notice was provided to defendant, defendant argues that this cause of action is barred.

(2) Assuming *arguendo* that sufficient notice has been provided under § 8.01-222 of the Code of Virginia, defendant argues that Count II is a claim for economic loss arising out of negligent action of the defendant. This, the defendant contends, is not a viable cause of action because of Virginia's refusal to recognize the compensability of purely economic losses in a case sounding in tort.

*Does the Failure to Provide Notice Pursuant to Section 8.01-222 Defeat Count II?*

Section 8.01-222 of the Code of Virginia provides in pertinent part as follows:

> No action shall be maintained against any city ... for injury to any person or property or for wrongful death alleged to have been sustained by reason of the negligence of the city ... unless a written statement by claimant, his agent, attorney or representative of the nature of the claim and of the time and place at which the injury is alleged to have occurred or been received shall have been filed with the city attorney ... within six months after such cause of action shall have occurred ... .

It is not disputed that this notice provision is construed strictly by the courts in Virginia. Although it has been held not to be of a jurisdictional character, it has been clearly held by the Supreme Court that this notice provision for a suit sounding in negligence against a city must be strictly adhered to, and the failure to give the required notice and to allege the giving of the notice in a Motion for Judgment is fatal to a plaintiff's cause of action. *See, e.g., Town of Crewe v. Marler*, 228 Va. 109 (1984); *Heller v. City of Virginia Beach*, 213 Va. 683 (1974); *Daniel v. City of Richmond*, 199 Va. 490 (1957).

The plaintiff, on the other hand, argues that Va. Code § 8.01-222 must be strictly read to apply only to "negligence actions" resulting in damage to "persons or property." The argument of the plaintiff is that the phrase "injury to any person or property" in the statute is not ambiguous. Plaintiff contends that the Supreme Court of Virginia has consistently made a distinction between losses to property and personal injuries on the one hand and purely economic losses on the other. *See, e.g., Gerald M. Moore & Son, Inc. v. Drewry*, 251 Va. 277 (1996); *Ward v. Ernst & Young*, 246 Va. 317 (1993); *Copenhaver v. Rogers*, 238 Va. 361 (1989); and *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419 (1988).

Given the rather assiduous attention that the Supreme Court has paid in distinguishing between "economic loss" versus losses to "property or persons," the defendant's position has a certain superficial appeal. However, if one examines the statute in detail, the section in question appears to be an attempt by the legislature to cover virtually all actions sounding in negligence which are brought against a municipality. The statute itself covers "injury to any person or property or for wrongful death," and this appears to be a fairly common sense attempt to describe any type of cognizable injury that could arise from an act of negligence. Moreover, to read an exemption for negligence actions seeking recovery of "economic losses" into this notice statute would do violence to the Supreme Court's repeated holdings that this notice requirement is for the purposes of putting a municipality on specific and detailed notice of exactly what claims are being made against it for negligence in order for the municipality to prepare a proper defense and/or to settle the matter short of litigation. *See, e.g., Heller v. City of Virginia Beach*, 213 Va. 683 (1974); and *Daniel v. City of Richmond*, 199 Va. 490 (1957).

The Supreme Court in *Town of Crewe v. Marler*, 227 Va. 109 (1984), explained the purpose and importance of written notice as follows:

> The General Assembly, of course, has not made an exception in the statute in favor of those claimants who fail to state the place at which an injury occurs, even though "everyone" may know the location of the injury. The arbitrary and peremptory provisions of the statute are necessary to accomplish the purposes of the enactment. Unless explicit notice of writing of the time and place of an accident is furnished the proper public official substantially in accordance with the statute, when there is a claim of municipal negligence, the likelihood of prompt attention to the matter to protect the interests of the municipality and the public is materially diminished. For this Court to place any limitation on the clear and comprehensive

language of the statute, or to create an exception where none exists under the guise of statutory construction, would be to defeat the purpose of the enactment and to engage in judicial legislation.

*Id.* at pp. 113-14.

It would simply be illogical to conclude that in some way the legislature has determined that municipalities have a clearly recognized need for specific written notice concerning any injury pertaining to a person or to a piece of property in order to best protect the public fisc but that for some reason a city need not have any notice whatsoever concerning claims for "economic loss." This would be a tortured reading of the statute.

Although the matter is certainly not clear of doubt, it does appear to this Court that the intendment of the legislature in enacting Va. Code § 8.01-222 was to require a specific written notice to a municipality within six months of any action that is claimed to be negligent and upon which a party seeks to recover damages from the municipality. Given this holding, the Court sustains the defendant's Demurrer to Count II of the Motion for Judgment for failure to provide the statutorily required notice. The plaintiff shall have twenty-one days within which to file an amended pleading alleging, if it can, compliance with the notice provisions of § 8.01-222 of the Code of Virginia.

Given this disposition of the notice issue, it is not necessary for the Court to reach the intriguing question of whether there may be recovery in negligence for economic losses if there is privity between the plaintiff and the defendant.

Mr. Barkley is requested to prepare an Order sustaining the Demurrer to Count II and incorporating this opinion.