# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Shirley Talbert

v.

City of Charlottesville et al.

February 17, 1998

Case No. (Law) 97-10

BY JUDGE JAY T. SWETT

This letter is to rule on the demurrers filed to the plaintiff's Amended Motion for Judgment. For purposes of ruling on the demurrers, I will accept all of the well-pleaded material facts in the Amended Motion for Judgment.

The plaintiff, Shirley Talbert, has filed suit individually and as the personal representative of the Estate of Milton B. Talbert against the City of Charlottesville, Mr. John Wolford, former Chief of Police, and Mr. Gene Rodenhizer, Charlottesville City Police Captain. Mr. Talbert was a Charlottesville Police Officer for more than thirty years. In October of 1994, he contracted pneumonia requiring him to be off work for approximately two months. When Talbert was ready to return to work in December of 1994, the

defendants attempted to get Talbert to take early retirement, which at that time would have been at 60% of the benefits he would have been eligible for if he continued to work and retired in February of 1996. Talbert declined to take early retirement and advised the City that he was able to return to full time work and requested to be recalled to service. He was not called back until March 1, 1995, when he was returned to work, but for only thirty hours per week. At the time, Talbert advised the defendants that he was able to return to his full time job.

On June 13, 1995, Talbert was given notice that he could no longer continue his employment as a police officer because he was away two afternoons a week for physical therapy and because he required the occasional use of oxygen. He was advised of his termination on the morning of June 13, 1995, when he showed up for work and was handed a memo advising him of his termination and informing him that he should leave the building immediately.

Shortly after his termination, Talbert became depressed, which he contends was the direct result of the defendants' refusing to allow him to return to work and the callous manner in which he was terminated from his employment. On July 11, 1995, Talbert committed suicide as a result of his depression and distress over his termination from employment.

The plaintiff's Motion for Judgment contains six counts. The defendants have demurred to all counts. Counts I and II are claims for wrongful termination from employment under *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985), and *Lockhart v. Commonwealth Education Systems Corp.*, 247 Va. 98 (1994). Count III is a claim of intentional infliction of emotional harm under *Womack v. Eldridge*, 215 Va. 338 (1974). Count IV includes a claim of tortious interference with contract and a claim that the defendants' conduct violated the plaintiff's substantive right to due process relying on *School Board v. United States Gypsum Co.*, 234 Va. 32 (1987). Count V is a claim for breach of contract against defendant City of Charlottesville. Count VI is a claim of Shirley Talbert alleging intentional infliction of emotional distress directed against her in her individual capacity.

*Wrongful Termination Claims*

Counts I and II of the Amended Motion for Judgment assert claims of wrongful termination under *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985), and *Lockhart v. Commonwealth Education Systems Corp.*, 247 Va. 98 (1994). Count I alleges that Talbert was unlawfully terminated because of

his age. Count II alleges that Talbert was unlawfully terminated based upon a perceived physical disability. The defendants are alleging a number of separate grounds in support of their demurrer.

Defendants Wolford and Rodenhizer contend that they cannot be liable for a claim of wrongful termination from employment since they were not Talbert's employer. Since Talbert was employed by the City of Charlottesville Police Department, then only the City of Charlottesville can be a defendant in a wrongful termination claim. The Court sustains the demurrer of Wolford and Rodenhizer on this ground. A *Bowman/Lockhart* claim is founded upon an exception to the general rule that at-will employees may be terminated at any time for any reason. The essential relationship is one of employee and employer. Thus an element of the cause of action is an employment relationship. There was no employment relationship between Talbert and Rodenhizer or between Talbert and Wolford. All three were employed by the same employer. Accordingly, Counts I and II of the Amended Motion for Judgment do not state a claim against Wolford or Rodenhizer.

The City of Charlottesville contends that sovereign immunity requires that it be dismissed as a defendant in Counts I and II. The City argues that a municipality is immune from liability by the acts of its employees in the exercise of governmental functions. Here, since the action arises out of the conduct of the City of Charlottesville Police Department, a governmental function, the City argues that it should be immune from liability. The Court denies the City's demurrer on the basis of sovereign immunity. While it is true that a municipality may be immune for civil liability for actions of a police officer engaged in law enforcement activities, the Court has not been cited with any authority that also means that immunity should extend in employment-related actions by police officers against their employer. Moreover, the cause of action in Counts I and II amount to an intentional tort. The Court does not accept the doctrine that a municipality is immune for intentional torts committed by a municipality's employees.

The defendants also contend that Counts I and II should be dismissed because the plaintiff has not identified a specific statutory basis to allege a violation of public policy as required by *Bowman* and *Lockhart*. In response, the plaintiff contends that age and disability discrimination constitutes a violation of public policy as set forth in the Virginia Human Rights Act. Va. Code § 2.1-715. In addition, the plaintiff points to the Virginians with Disabilities Act, Va. Code § 51.5-401 *et seq.* as an additional basis for a statutory public policy against disability discrimination. In *Bradick v. Grumman Data Systems Corp.*, 254 Va. 156 (1997), the Supreme Court held

that a *Bowman* claim is stated where an employee is discharged on account of his disability since it is against the public policy to discriminate on the basis of disability under both the Virginia Human Rights Act and the Virginians with Disabilities Act. The decision to extend claims for discrimination from race and gender to include disability compels this Court to conclude that the Supreme Court would incorporate age discrimination as violating Virginia's public policy since age is expressly covered by the Virginia Human Rights Act.

Even if discrimination based on age and disability may be a basis for a *Bowman* claim, the defendants argue that the recent decision of *Doss v. Jamco, Inc.*, 254 Va. 362 (1997), requires that its demurrer be sustained since the Virginia Human Rights Act was amended on July 1, 1995, so as to preclude any further *Bowman* claims after the effective date of the amendment. The issue here is whether *Doss v. Jamco, Inc.*, applies since the plaintiff's cause of action is a wrongful death action which arose on July 11, 1995, the date of Talbert's death. The plaintiff contends that the right of action which is the basis for Counts I and II is based upon the June 13, 1995, wrongful termination, and therefore, the July 1, 1995, amendments are inapplicable.

The claims under Counts I and II are claims under Virginia's Wrongful Death Act, § 8.01-50.[1] While it is true, as defendants argue, that an action for wrongful death accrues at the time of death, it is an action brought by a personal representative to bring or to continue a claim which the decedent had or could have brought if his death had not ensued. Section 8.01-50. Thus, it substitutes a right of action by the decedent's estate for the right of action that the decedent had at the time of his death. Stated differently, had Mr. Talbert not died on July 11, 1995, but rather had filed suit for the wrongful termination that occurred on June 13, 1995, his *Bowman* claim would not have been affected by the July 1, 1995, amendments to the Virginia Human Rights Act. Here, Counts I and II contend that he was wrongfully terminated from his employment on June 11, 1995. As of that date, the plaintiff had a common law right of action for wrongful termination of an at-will employee based upon a violation of public policy. The July 1, 1995, amendment to the Virginia Human Rights Act cannot serve to deprive the plaintiff's decedent

---

[1] The plaintiff contends that her claims under Counts I and II are also proceeding under a "survival theory" in addition to an action for wrongful death. However, the plaintiff's right of action for damages expired as of his death. Thus, it is only by virtue of the Wrongful Death Act that the plaintiff can proceed with her claim. *Wilson v. Whittaker, Adm'r.*, 207 Va. 1032 (1967).

from bringing that cause of action under the Virginia Wrongful Death Act simply because the decedent died after July 1, 1995. Accordingly, this Court holds that *Doss v. Jamco, Inc., supra*, is not a basis to sustain the City's demurrer as to Counts I and II.

The defendants also demur to Counts I and II on the ground that Talbert was not an employee-at-will since he could have filed a grievance under the City's grievance procedure. Further, the defendants argue that the City's grievance procedure was Talbert's exclusive remedy for challenging his termination from employment. The Court denies the demurrer as to both of these grounds. The presence of a grievance procedure does not, as a matter of law, mean that Talbert was not an employee-at-will. Further, the grievance procedure is not one that either the City or Talbert were obligated contractually to follow. Further, the Court is not persuaded that the presence of a grievance procedure for a municipal employee is the exclusive basis available to employees to challenge claims of wrongful termination.

### *Claim for Intentional Infliction of Emotional Harm*

The defendants demur to Count III on two grounds. The first is that any personal action for intentional infliction of emotional distress available to Talbert was extinguished by his death and is not one that can be revived under the Virginia Wrongful Death Statute. The second ground is that the conduct alleged, even if a cause of action is available, is insufficient to meet the requirements of *Womack v. Eldridge*, 215 Va. 338 (1974). The Court sustains the demurrer on both grounds.

As stated in her brief, the plaintiff's claim for intentional infliction of emotional distress is a claim asserted under the Wrongful Death Act, i.e., the plaintiff seeks damages on behalf of the decedent's statutory beneficiaries. However, statutory beneficiaries do not have a basis to seek those damages. A cause of action for intentional infliction of emotional distress is an action for personal injuries and one that would be extinguished at death.

Moreover, even if the action is one that survives the decedent's death, the facts alleged in the Amended Motion for Judgment are insufficient under *Womack, supra*. The facts alleged are that a long term employee of the Police Department was on medical leave. After two months, he sought re-employment claiming that he had recovered from his condition. The Police Department delayed his re-employment for several months. The Department also encouraged him to take early retirement. Eventually, he was brought back as a part-time employee. The employee continued to seek full time

employment contending that he had recovered from his condition. The City declined on the ground that he had not recovered. Several months later, the employee was terminated from his employment. Even if those facts are proven to be true, they are not sufficient as a matter of law because the conduct was not so outrageous and intolerable so as to offend the generally-accepted standards of decency and morality. The defendants' demurrer as to Count III is sustained for failure to state a cause of action under *Womack, supra.*

### Tortious Interference with Contractual Rights

In Count IV, the plaintiff contends that defendants Wolford and Rodenhizer unlawfully interfered with Talbert's employment contract with the City of Charlottesville. The Amended Motion for Judgment alleges that Wolford and Rodenhizer were acting as agents of the City of Charlottesville when they interfered with Talbert's employment with the Police Department. Nowhere in the Amended Motion for Judgment does the plaintiff contend that either Wolford and Rodenhizer acted outside the scope of their employment. Accordingly, the defendants' demurrer on this ground must be sustained. Rodenhizer and Wolford, as agents of the City of Charlottesville, cannot also be the third party who interferes with the contractual relationship between the City and Talbert. In effect, this would mean that the City, through its agents, interfered with its own contract with Talbert. Under these facts, the plaintiff has not stated a claim for tortious interference with contract. *Fox v. Deese*, 234 Va. 412, 427 (1987); *Chaves v. Johnson*, 230 Va. 112, 120 (1985). In her brief, plaintiff contends that it is an evidentiary matter as to whether Wolford and/or Rodenhizer did or did not act outside the scope of their employment. However, the Amended Motion for Judgment alleges only that they acted as the City's agents. If in fact the plaintiff believes there are grounds to again amend the Motion for Judgment as to this count, then she should be given leave to do so.

### Claim for Substantive Due Process

To the extent that the plaintiff contends in Count IV that she has a claim for a "violation of Virginia's Substantive Right to Due Process," the demurrer is sustained. The case relied upon by the plaintiff is inapplicable. There is no Virginia cause of action for damages for constitutional claims of substantive due process.

### Claim for Breach of Contract

The defendants demurred to Count V on the single ground that the city's grievance procedure is the exclusive remedy available to the plaintiff to challenge his alleged wrongful termination. The Court has already addressed this question. Accordingly, the defendants' demurrer as to Count V is overruled.

### Ms. Talbert's Individual Claim for
### Intentional Infliction of Emotional Distress

For the reasons stated previously, the facts alleged in the Amended Motion for Judgment are insufficient to state a cause of action for intentional infliction of emotional distress. In addition, Ms. Talbert may not assert an individual claim for personal injuries under this Count where all of the factual allegations in the Amended Motion for Judgment involve her husband. The defendants' demurrer as to Count VI of the Motion for Judgment is sustained.

### Defendants' Contention That the Plaintiff's Exclusive Claim Is
### under the Virginia Workers' Compensation Act

An additional general ground for the defendants' demurrer is that the plaintiff's sole remedy is under the Virginia Workers' Compensation Act. The Court denies the demurrer as to that ground. Termination of employment is not an accident within the meaning of the Act.

In conclusion, the Court sustains the demurrer of defendants Wolford and Rodenhizer as to Counts I, II, III, IV, and VI of the Amended Motion for Judgment. The Court sustains the demurrer of the City of Charlottesville as to Counts III, IV, and VI of the Amended Motion for Judgment. The Court overrules the demurrer of the City of Charlottesville as to Counts I, II, and V of the Amended Motion for Judgment.