# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Shirley Talbert

v.

City of Charlottesville

January 29, 1999

Case No. (Law) 97-10

BY JUDGE EDWARD L. HOGSHIRE

The present motion before the Court is the Defendant's Special Plea in Bar, which it bases on Va. Code § 8.01-222. After reviewing the submissions by the parties and listening to oral argument, the Court concludes that the Defendant's motion should be denied.

Plaintiff has three counts that survived the Defendant's initial demurrer. These include two *Bowman* claims of wrongful termination based on age and/or a perceived disability, and a breach of contract claim. The Defendant presses its special plea only against the two *Bowman* claims.

The Defendant relies on Virginia's notice of claims statute, which reads in relevant part:

> No action shall be maintained against any city or town for injury to any person or property or for wrongful death alleged to have been sustained by reason of the negligence of the city or town, or of any officer, agent or employee thereof, unless a written statement by the claimant, his agent, attorney or representative of the nature of the claim and of the time and place at which the injury is alleged to have occurred or been received shall have been filed with the city attorney or town attorney, or with the mayor, or chief executive, within six months after such cause of action shall have accrued, except if the complainant during such six-month period is able to establish by clear

and convincing evidence that due to the injury sustained for which a claim is asserted that he was physically or mentally unable to give such notice within the six-month period, then the time for giving notice shall be tolled until the claimant sufficiently recovers from said injury so as to be able to give such notice; and statements pursuant to this section shall be valid, notwithstanding any contrary charter provision of any city or town.

Va. Code § 8.01-222 (1977). Since the parties do not dispute that the City received notice after six months had elapsed from the Plaintiff's decedent's death, the City argues that the claim is barred.

Plaintiff responds that the only two claims at issue are intentional torts, and hence § 8.01-222 does not apply. The Court is persuaded with the Plaintiff's argument. The statute expressly limits its application to those claims "sustained by reason of the *negligence* of the city or town." Va. Code § 8.01-222 (emphasis added). The Defendant counters that such a construction of the statute would defeat its purpose of enabling cities to make prompt investigations of tort claims, to correct dangerous or defective conditions, and, if warranted, to avoid the expense and delay of litigation by making a voluntary settlement. *See Town of Crewe v. Marler*, 228 Va. 109 (1984). Although the Defendant may be correct in that excluding intentional claims from the statute may defeat its purpose to a certain extent, that simply reflects a legislative prerogative. The Court cannot ignore an express limitation on a statute enacted by the legislature. And, as Judge Swett found in his opinion on the demurrer, "the cause of action in Counts I and II amount to an intentional tort." *Talbert v. Charlottesville*, 45 Va. Cir. 142, 144 (1998). The legislature is certainly free to amend § 8.01-222 in order to encompass intentional torts, but until it elects to do so, claims such as the Plaintiff's are not subject to the provisions of § 8.01-222.

The Court also notes that based on its research, the only Virginia court to consider this precise issue reached the same result. *See Niland v. Town of Middleburg*, 36 Va. Cir. 48 (1995). The circuit court in *Niland* observed that "[t]he words used in a statute must be given their plain meaning .... Clearly, the statute refers only to claims based on negligence. Here, all the claims of the Plaintiff are based on intentional torts, not negligence. Therefore, § 8.01-222 does not apply to intentional torts." *Id.*

For the above-stated reasons, the Court denies the Defendant's Special Plea in Bar.