# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Elizabeth Lay

v.

Sarah Jefferson
and City of Fredericksburg

June 12, 2007

Case No. CL06-628

BY JUDGE JOHN W. SCOTT, JR.

This matter comes before the Court on a Plea of the Statute of Limitations of the Defendant, City of Fredericksburg, Virginia, to dismiss the action against them based upon improper notice.

### Summary of Facts

On December 22, 2004, a Fredericksburg Transit bus driven by Sarah Jefferson was involved in an automobile accident with Elizabeth Lay. Lay filed suit naming Sarah Jefferson, the City of Fredericksburg, Virginia, and Fredericksburg Regional Transit Authority as Defendants. Fredericksburg Regional Transit Authority is not a legal entity that exists within the City of Fredericksburg, Virginia, and was removed by an Order of Nonsuit entered on June 5, 2007.

On April 20, 2005, Plaintiff submitted her only notice to the City of Fredericksburg, addressed to the City of Fredericksburg Transit Department. The letter itself was addressed to "Sir/Madam."

Three days later, Raymond Young, a shift supervisor, received the notice. No other notice was sent to the city regarding the claim. A copy of the notice was also sent to and received by Charles Finley, who is employed by

VMLP Insurance Programs. It is unknown whether the notice received by Young was at any time given to the city attorney or the mayor or whether the notice is currently on file with either office.

*Argument*

Virginia Code § 8.01-222 requires that "a written statement by the claimant, his agent, attorney, or representative . . . shall have been filed with the city attorney or town attorney, or with the mayor, or chief executive, within six months after such cause of action shall have accrued." Defendant contends that, because the otherwise adequate written notice was not sent to the city attorney or mayor and that because the notice did not address a specific person, the notice does not satisfy the requirements of Virginia Code § 8.01-222. Defendant further contends that, because the requirements were not met within the statutory period of time, the action against the City of Fredericksburg, Virginia, should be dismissed.

Plaintiff argues that her actions in sending the notice should be considered to meet the requirements of Virginia Code § 8.01-222 because she substantially complied with its terms, which the Court allowed in *Heller v. Virginia Beach*, 213 Va. 683, 194 S.E.2d 696 (1973), and *Miles v. City of Richmond*, 236 Va. 341, 373 S.E.2d 715 (1988). This Court finds that the Plaintiff did not substantially comply with the terms of the statute.

In *Heller*, the Court held that there was substantial compliance with the terms of Virginia Code § 8.01-222 when an injured person gave notice to a police officer, who expressly stated that he would take down the notice and would deliver it to the city attorney's office. *Heller*, 213 Va. 683 at 683-85, 194 S.E.2d 696. In this way, the city employee acted as an agent of both the claimant and the city. In the present case, no one acted as an agent for the claimant. Plaintiff wrote the notice and mailed it herself. Raymond Young is seemingly purported by the claimant to be an agent of the city in this case since he, a city employee, acknowledged that he received the notice. However, Young merely received the letter. He did not state that he would deliver it to the proper authority, nor do we know if he ever actually did so.

In *Miles*, the Court held that there was substantial compliance with the terms of Virginia Code § 8.01-222 when an injured person reported the incident directly to a city employee, who made written notice of the event and then submitted the report to the city attorney. In doing so, the city employee became an agent of the claimant, as well as an agent of the city. *Miles*, 236 Va. 341 at 342-43, 373 S.E.2d 715. In the present case, no city employee became a dual agent of both the claimant and the city as occurred in both of

the aforementioned cases. Plaintiff mailed the written notice herself, and the city employee who received it may or may not have forwarded it to the proper authority within the City of Fredericksburg; further, there is no evidence that Young stated that he would forward the notice to either the city attorney or the mayor.

The burden is on the claimant to ensure that the notice is sent to and filed with either the city attorney or the mayor, as required by statute. Plaintiff did not fulfill her burden to send the notice to the correct person, nor has she fulfilled her burden to ensure that the notice was filed with either office within the required six-month period. Accordingly, this Court finds that the plaintiff's claim against the City of Fredericksburg, Virginia, should be dismissed.